FEDERICO DIJOLS, peticionario, *v.* ANDRÉS A. LUGO, ALCAIDE DE LA CÁRCEL DE DISTRITO DE SAN JUAN, demandado.

Núm. 127.—*Sometido:* Marzo 1, 1941.   *Resuelto:* Abril 15, 1941.

*Federico Dijols,* por su propio derecho; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Este caso fué resuelto en febrero seis último (ante, pág. 5). En febrero diez y siete pidió el fiscal que se reconsiderara la sentencia, radicando un extenso alegato en apoyo

de su petición en marzo uno siguiente.  Los fundamentos que aduce son:

"1.—Que la prueba aportada por el peticionario en el presente recurso de hábeas corpus, como cuestión de derecho, era insuficiente para destruir la presunción de regularidad de la sentencia de la corte inferior.

"2.—Que al dar crédito este Hon. Tribunal al testimonio del peticionario en corte abierta, fué inducido a error por el propio peticionario, mediante falsas manifestaciones que no fueron corroboradas por prueba otra alguna, ni surgían del propio récord; siendo en varios extremos contrarias a dicho récord; surgiendo la falsedad y contradicción de dicho testimonio del contrainterrogatorio habido, y de documentos que obran en los autos del caso 8330 de este Tribunal.

"3.—Que independientemente de la admisibilidad e insuficiencia del testimonio del peticionario para destruir (*overcome*) la presunción de regularidad de la sentencia atacada, dicho testimonio no es digno de crédito y casi raya en un desacato al Tribunal por lo ofensivo y gratuito de sus imputaciones a la reputación del juez de la corte inferior y de otros abogados, la corrección de cuyas actuaciones profesionales no puede ni debe ser puesta en duda, ni abierta a investigación en un procedimiento de hábeas corpus, donde la sentencia no puede ser 'slightly set aside.'

"4.—Que independientemente de lo arriba expuesto, el peticionario, en el juicio en la corte inferior.

"(*a*) no tenía derecho a que, bajo las circunstancias del caso, se le designara abogado;

"(*b*) de tener tal derecho fué el mismo renunciado inteligentemente por el acusado."

En su alegato cita el fiscal una opinión emitida por uno de los jueces asociados de esta corte en un caso tramitado ante él en que se toman en consideración, se fija el alcance y se aplican las otras autoridades que invoca.  Nos referimos a la opinión del Juez Asociado Sr. De Jesús emitida como juez de turno en noviembre 12, 1940, en *Ex parte Leonardo Santos Rosado,* que, en lo pertinente, dice:

"Es verdad que en el caso de *Johnson* v. *Zerbst,* 304 U. S. 458, en que descansa principalmente el peticionario, se resolvió que a menos que un acusado hubiese estado asistido de abogado o hubiese re-

nunciado competente e inteligentemente a tal derecho, pierde la corte su jurisdicción, la sentencia que en su contra se dicte es nula, y puede obtenerse la libertad del acusado mediante hábeas corpus. Pero en el mismo caso, a las páginas 468-469, también se dijo por el mismo tribunal que cuando la sentencia de una corte es atacada colateralmente, la sentencia tiene la presunción de regularidad y que en tales casos el peso de la prueba recae en el peticionario para establecer que no renunció competente o inteligentemente a su derecho constitucional de asistencia de abogado. Véanse al mismo efecto *Forthoffer* v. *Swope, Warden,* 103 F. (2d) 707, 710, 711; *Nivens* v. *Hudspeth, Warden,* 105 F. (2d) 756, 758; *Zahn* v. *Hudspeth, Warden,* 102 F. (2d) 759, 762; y *Franzeen* v. *Johnston, Warden* (CCA 1940) 111 F. (2d. 817, 820, donde luego de exponer el principio anteriormente enunciado, agrega el tribunal:

" 'Cuando, decimos que "el peso de la prueba (*onus probandi*) recae sobre el peticionario para establecer que él no renunció competente o inteligentemente su derecho constitucional de asistencia de abogado", queremos decir que el peticionario debe presentar prueba suficiente para controvertir la presunción de regularidad que tiene la sentencia de un tribunal. La contención del peticionario no está sostenida por prueba de esa naturaleza. Además, no sostenemos nosotros que de los records de la corte sentenciadora deba aparecer afirmativamente que al acusado le fué ofrecida asistencia de abogado y que él la rehusó (aunque ésta sería la mejor práctica), pues si tal cosa sostuviésemos estaríamos cambiando el peso de la prueba (*shifting the burden of proof*), imponiéndolo a la corte en vez de al peticionario, por la mera alegación de éste. Pudo el acusado haber rehusado la oferta de abogado que le hiciera la corte y ese hecho no aparecer del récord.' "

Aceptamos la interpretación de la ley y la jurisprudencia que la opinión contiene, pero no estamos conformes en que de acuerdo con la misma proceda la reconsideración que se solicita.

En nuestra opinión de febrero seis analizamos los autos introducidos en evidencia para dar color al asunto y para juzgar por el resultado de los mismos la trascendencia que hubiera tenido para la causa de la administración de la justicia que el acusado hubiera contado con el auxilio de un abogado competente que lo hubiera defendido. No revoca-

mos la sentencia condenatoria de la corte de distrito dentro del procedimiento de hábeas corpus. Dentro de él lo que hicimos fué decretar la libertad del peticionario por haber actuado sin jurisdicción la corte que lo juzgara.

A virtud de la declaración jurada del peticionario examinada en relación con todas las circunstancias concurrentes, se formó en nosotros la convicción de que pudiendo y debiendo hacerlo la corte de distrito no nombró abogado al acusado, ni le advirtió de su derecho a tenerlo, ni el acusado por sí mismo renunció inteligentemente su derecho. Su aparente habilidad en detalles puso de manifiesto su ausencia de conocimiento en cuanto al fondo del asunto. Pretensión, no actuación consciente, reveló su actitud.

Reconocemos que se trata de un caso extremo, que está en la línea, que pudo llegarse a una u otra conclusión y que en cuanto a decidirnos en un sentido o en otro y optar por la conclusión a que llegamos, los méritos del caso tales como surgen de los autos y la idea de impartir justicia, inclinaron la balanza de nuestro juicio. Pero ello no quiere decir que nos desviáramos de las bien establecidas normas de la ley y la jurisprudencia. De no haber existido como circunstancia primordial la falta del debido nombramiento de abogado, no hubiéramos, colateralmente, tomado en consideración los méritos del caso.

*No ha lugar a la reconsideración solicitada.*