EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN CRUZ PORTALATÍN, conocido por JESÚS RIVERA GARCÍA, y GUMERSINDO RIVERA, conocido por ANTONIO ORTIZ (*a*) CHALEMÁN, acusados y apelantes.

Núm. 9715.—*Sometido:* Febrero 5, 1943. *Resuelto:* Abril 5, 1943.

*Cándido Ceballos,* abogado del apelante Gumersindo Rivera; *Ramón Cruz Portalatín,* por su propio derecho; *R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Los apelantes fueron acusados de un delito subsiguiente de robo, consistente en que el 15 de agosto de 1941 y en la ciudad de San Juan, P. R., ilegal, voluntaria, maliciosa y criminalmente sustrajeron de la persona de Antonio Campos Sánchez, en su inmediata presencia, contra su voluntad y por medio de la violencia, la suma de $76, perteneciente al expresado Antonio Campos Sánchez, de la cual se apoderaron. En la acusación se alega además una larga serie de convicciones y sentencias anteriores cumplidas por los acusados por hurto de mayor y menor cuantía y otros delitos contra la propiedad. Celebrado el juicio por la corte inferior actuando sin jurado, ambos acusados fueron convictos del delito imputádoles y sentenciados a veinte años de presidio. Apelaron de sus respectivas sentencias.

■■ Consideremos en primer término el recurso interpuesto por Gumersindo Rivera Ramírez. Señaló éste como motivos para la revocación de la sentencia el no haberse probado los delitos anteriores y haberse negado la corte inferior a citar a los secretarios de las cortes de distrito de Ponce y Mayagüez, con los récords de los casos criminales que alegó el fiscal en la acusación para determinar el subsiguiente.

Al tratar de probar las sentencias extinguidas por este apelante, se encontró el fiscal con que el jefe interino de la Penitenciaría Insular, que había sido citado para que trajese consigo la hoja penal de "Gumersindo Rivera", trajo la correspondiente a "Gumersindo Rivera Quintero", persona distinta del acusado Gumersindo Rivera Ramírez. Al disponer la corte que se pidiese por teléfono a la Penitenciaría el envío del documento que faltaba, el abogado defensor, dirigiéndose al tribunal, manifestó: "En cuanto a este acusado, no tienen que traer ninguna sentencia. En cuanto a éste aceptamos y terminamos con el testigo." (T. de E., pág. 25.) No obstante esta admisión, en la sesión de la tarde compareció el mismo testigo y declaró, teniendo a la vista la hoja penal de este acusado. Se refirió a varias sentencias dictadas contra él por las cortes de distrito de San Juan y Mayagüez. Pero al observar la defensa que de las copias certificadas de las sentencias que obraban en poder del alcaide de la cárcel no aparecía afirmativamente que el acusado hubiera estado asistido de abogado, solicitó, mientras declaraba el cuarto de los cinco testigos que testificaron en éste caso (no se presentó prueba de descargo), que se citara a los secretarios de las cortes de distrito antes mencionadas para que trajesen los expedientes respectivos a fin de investigar si en efecto el acusado había tenido asistencia de abogado en los juicios que motivaron las expresadas sentencias. No solicitó, sin embargo, que el expediente correspondiente a la sentencia anterior impuesta por la Corte de Distrito de

San Juan fuese traída a fin de determinar si en ese caso estuvo o no asistido de abogado. La corte *a quo* denegó la moción, en primer término porque de la faz de las sentencias no aparecía afirmativamente que el acusado no hubiese estado asistido de abogado, y como toda sentencia se presume válida, al que alegue su nulidad incumbe probarla. El acusado, como expresó la corte inferior, tuvo conocimiento de las sentencias anteriores desde la lectura de acusación y no obstante el tiempo transcurrido desde entonces, no tuvo a bien solicitar la citación de dichos testigos dentro de un tiempo razonable con anterioridad a la celebración del juicio. Declaró además la corte que el citar, en aquel estado del juicio, a los testigos en cuestión requeriría la injustificada posposición de la vista que estaba próxima a terminar. A nuestro juicio, actuó correctamente la corte inferior al denegar tal moción. *Pueblo* v. *Sarria Pacheco,* 57 D.P.R. 882; *Dijols* v. *Lugo, Alcaide,* 58 D.P.R. 445, 446; *Pueblo* v. *Montaner,* 61 D.P.R. 120.

No existen los únicos dos errores señalados por este apelante. Procederemos a considerar ahora el recurso interpuesto por Ramón Cruz Portalatín.

Sus tres primeros señalamientos de error se refieren a que, según él, la sentencia descansa exclusivamente en el testimonio de un solo testigo: el perjudicado; en que no se probaron las convicciones anteriores, y en haberse admitido en evidencia prueba de una sentencia anterior dictada el 5 de marzo de 1939, cuando en la acusación se alega que dicha sentencia era de fecha 30 del mismo mes y año.

En el delito de robo, la prueba directa de un solo testigo que merezca entero crédito al juzgador es suficiente para sostener una convicción. Pero ello no obstante, la declaración del perjudicado, quien sostuvo una lucha con los acusados, de día, en la calle Allen de esta ciudad, para no dejarse quitar la cartera que portaba, está corroborada por la del testigo Máximo Fabián, dependiente de un establecimiento de

calzado, que al oír los gritos del perjudicado agarró y entregó a la policía a uno de los acusados que trató de darse a la fuga. [4] Asumiendo sin aceptarlo que fuese errónea la admisión en evidencia de la sentencia anterior de 30 de marzo de 1939, ese error no produciría la revocación ni la modificación de la sentencia, porque independientemente de esa convicción se probaron otras sentencias anteriores alegadas en la acusación, extinguidas por el acusado. Una sola de esas sentencias anteriores bastaba para sostener la calificación de delito subsiguiente.

■ Tampoco era indispensable para sostener la sentencia que la cartera fuese ocupada a los acusados. A ese respecto el perjudicado declaró que vió cuando la mano de otra persona que no era uno de los acusados, recibió la cartera de uno de éstos y desapareció.

■ Bajo el cuarto señalamiento de error se queja el acusado de que la corte no citó al testigo Marcelino Santiago, detective, con quien se proponía probar que la cartera no fué ocupada a los acusados. Señaló además el no designársele abogado en el acto de la lectura de la acusación; el obligarlo a ser juzgado por la corte sin jurado, y el no concederle juicio por separado.

En primer lugar, ya hemos dicho que el propio perjudicado declaró que uno de los acusados, una vez en posesión de la cartera, la pasó a otra persona que desapareció de la escena del crimen, circunstancia ésta que hacía innecesaria la declaración de Marcelino Santiago, como muy bien advirtió el juez sentenciador. En segundo término, no existe prueba afirmativa de que el acusado no hubiese estado asistido de abogado durante la lectura de la acusación. Y por último, nada hay en el récord que revele que el apelante o su coacusado solicitasen juicios por separado, y por el contrario aparece del récord que solicitaron ser juzgados por el tribunal sin jurado.

*No existiendo ninguno de los errores señalados por uno y otro apelante, y apareciendo que tanto la acusación como la evidencia que la sostiene son suficientes, procede desestimar el recurso y confirmar la sentencia apelada.*