Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La Policía de Puerto Rico incautó un vehículo de motor, el cual aparece registrado a nombre de Hyundai de Humacao en el Departamento de Transportación y Obras Públicas. Dicho vehículo fue utilizado en violación al Artículo 19 de la Ley Núm. 8 de 5 de agosto de 1987, 9 L.P.R.A. see. 3218. Posteriormente, los conductores del vehículo hicieron alegación de culpabilidad. La demandante presentó demanda sobre impugnación de confiscación en la cual solicitó la devolución del vehículo alegando ser un "tercero inocente". El Tribunal de Primera Instancia, Sala Superior de Caguas, declaró sin lugar la misma. Confirmamos.
I
El 6 de mayo de 1996, Joel Torres Rivera y Heriberto Jurado Torres, conducían un vehículo Hyundai, Modelo Accent, año 1995, tablilla CGG-423, cuando fueron detenidos por la Policía de Puerto Rico. Acto seguido, la Policía incautó dicho vehículo por alegadamente haber sido utilizado en violación al Artículo 19 de la Ley Núm. 8, supra.
El 29 de mayo de 1996, Hyundai de Humacao, presentó una demanda de impugnación de confiscación. Impugnó la cantidad en que fue tasado el vehículo y alegó falta de notificación conforme a la Ley Uniforme de Embarcaciones, Vehículos y Bestias. Negó que el vehículo se utilizara para la comisión de algún delito y adujo que no existían motivos fundados para efectuar el registro. Alegó además, que en la eventualidad de que se determinara que el vehículo se utilizó para violar la Ley Núm. 8, supra, la demandante se debía considerar como tercero inocente.
Mediante Moción de Consignación de Fianza la demandante informó al tribunal:

"Que al momento de ser confiscado la parte demandante había expedido una licencia provisional a nombre de Jessenia Rodríguez Ortiz mientras se realizaban los trámites necesarios para el financiamiento del vehículo a través de una institución bancaria, por lo que no es correcto lo expresado en la notificación enviada por la parte demandada a los. efectos de que la unidad está registrada a nombre de otra persona."

Compareció la parte demandada mediante Contestación a la Demanda y argüyó que la demanda no aduce hechos que justifiquen la concesión de algún remedio y que la confiscación se hizo en el ejercicio de un deber ministerial. Sin celebrarse vista, el 11 de septiembre de 1996, el Tribunal de Primera Instancia, declaró sin lugar la demanda. Fundamentó su determinación en que los acusados Joel Torres Rivera y Heriberto Jurado Torres hicieron alegación de culpabilidad por los casos *1108 criminales que motivaron la confiscación. Concurrimos.
II
En nuestra jurisdicción se reconoce que los procedimientos de confiscación dispuestos en la Ley Uniforme de Confiscaciones de 1988, Ley Núm. 93 de 13 de junio de 1988, según enmendada, es una acción de carácter in rem. Esto quiere decir, que la acción se dirige contra la cosa y no contra la persona dueña del bien, mero poseedor, encargado o aquella persona que tenga un interés legal sobre la misma. General Accident Insurance Co. y otros v. E.L.A., _ D.P.R. _ (1994), op. del 22 de noviembre de 1994, 94 J.T.S. 140, pág. 410.
Los elementos que se toman en consideración para determinar si procede una confiscación o no son la existencia de prueba suficiente y preponderante sobre la comisión de un delito y la existencia de un nexo causal entre el delito cometido y la cosa o propiedad confiscada. Del Toro Lugo v. E.L.A., _ D.P.R. _ (1994), op. de 12 de septiembre de 1994, 94 J.T.S. 119, pág. 158. En consecuencia, la "confiscación civil constituye una acción independiente del resultado de la acción penal que por el mismo delito pueda incoar el Estado contra un sospechoso en particular, de haber alguno ". Ibid, pág. 159.
El Artículo 1 de la Ley Núm. 93, supra, 34 L.P.R.A. see. 1723, dispone que estará sujeta a confiscación:
"[T]oda propiedad que sea utilizada en relación a la comisión de delitos graves y de aquellos delitos menos graves en que por ley se autorice la confiscación, cuando tales delitos graves y menos graves estén tipificados en el Código Penal del Estado Libre Asociado de Puerto Rico, sees. 3001 et seq. del Título 33, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación de vehículos y tránsito y de embarcaciones, así como de otras leyes y aquella propiedad que esté sujeta a una sentencia de confiscación que así lo autorice." (Ennegrecido nuestro).
En el caso de marras los acusados hicieron alegación de culpabilidad por tentativa de infracción al Artículo 19 de la Ley Núm. 8, supra, que dispone:
"Toda persona que ilegalmente se apropiare sin violencia ni intimidación de alguna pieza de un vehículo de motor, perteneciente a otra persona, será sancionada con pena de reclusión que no excederá de seis (6) meses o multa que no excederá de quinientos (500) dólares o ambas penas a discreción del tribunal, si el valor de la pieza del vehículo de motor no llegare a cien (100) dólares. Si llegare o excediere este valor, será sancionado con pena de reclusión por un término fijo de tres (3) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cinco (5) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de dos (2) años. El tribunal podrá imponer la pena de restitución en adición a la pena de reclusión." (Ennegrecido nuestro)
Como podemos apreciar, el Tribunal de Instancia actuó correctamente al declarar sin lugar motu proprio la acción incoada ya que de las alegaciones de la demanda no surgía una controversia de hechos que impidiera adjudicar la misma.
Hyundai levanta en su defensa que es un tercero inocente y que la alegación de culpabilidad de los usuarios del vehículo no surte el efecto de o bligar al juzgador de la acción civil a validar los actos del Estado de confiscar su vehículo. No le asiste la razón. "Tanto el dueño del vehículo de motor, como la empresa que lo financió o cualquier otra parte con interés en el vehículo, están sujetas a la naturaleza in rem de la confiscación". Del Toro Lugo v. E.L.A., supra, pág. 160.
En Carlo v. Srio. de Justicia, 107 D.P.R. 356, 365 (1973) nuestro Tribunal Supremo abundando sobre este particular expresó lo siguiente:

"El diseño legislativo prevaleciente en Puerto Rico dentro del cual se complementan las disposiciones confiscatorias de leyes especiales con el procedimiento ordenado en la Ley Uniforme de 
*1109
Confiscaciones (34 L.P.R.A. sec. 1721 y ss.) mantiene una distancia y una separación de campos entre la conducta del poseedor de la propiedad utilizada en la empresa criminal y el interés del dueño inocente, y una concentración en la cosa o instrumento del crimen en sí como objetivo abstracto del decomiso, indispensable para proteger la seguridad y el bienestar del pueblo contra el crimen y el fraude. La vinculación de procedimientos y la introducción del interés particular del dueño inocente en contraposición al legítimo interés de orden público sólo se concreta en circunstancias de extrema exigencia revestidas de irrecusable validez constitucional, aquí presentes."

Como excepción a la norma general, se ha reconocido que aquellos dueños de automóviles que no autorizaron el uso de los mismos de forma voluntaria o que tomaron medidas cautelares expresas para evitar la comisión de algún delito serán considerados terceros inocentes protegidos contra la confiscación. General Accident Insurance Co. y otros, v. E.L.A., supra, pág. 411; Del Toro Lugo v. E.L.A., supra, pág. 160. Por consiguiente, hay que demostrar que el usuario se apartó sustancialmente de las medidas cautelares o de las instrucciones impartidas para que se reconozca al dueño o vendedor condicional del vehículo como un tercero inocente. General Accident Insurance Co. y otros v. E.L.A., Ibid. Dichas circunstancias no surgen de las alegaciones de la demanda.
Por otro lado, el requisito estatutario de notificación al dueño o acreedor condicional del vehículo pretende salvaguardar los derechos constitucionales de una parte que tiene un interés propietario al brindarle la oportunidad de defenderse, es decir, la oportunidad de ser oído. Este requisito por sí sólo no concede una inmunidad a los acreedores condicionales contra confiscaciones. General Accident Insurance Co. y otros v. E.L.A., Ibid, pág. 412. En el presente caso el Estado cumplió con el requisito de notificación al depositar en el correo las notificaciones dentro del término dispuesto en la ley. Secretario de Justicia v. Tribunal Superior, 96 D.P.R. 116, 121 (1968); 34 L.P.R.A. sec. 1723(f).
No olvidemos, que nuestro acervo jurisprudencial desde General Motors Acceptance v. Branuela, 61 D.P.R. 720 (1943), dejó claramente establecido que un vendedor condicional quedará perjudicado por la naturaleza in rem de la confiscación, si el infractor obtuvo la posesión del vehículo dé manera voluntaria. General Accident Insurance Co. y otros, v. E.L.A., Ibid., pág. 160.
Recalcamos, que el procedimiento de confiscación va dirigido contra la cosa (in rem) y no contra el dueño, de modo que si éste, consciente y voluntariamente, ha puesto la misma en posesión del infractor o de la persona bajo la cual éste actúa, los derechos del dueño corren la suerte del uso a que el poseedor pueda someter el vehículo. (Citas omitidas). Del Toro Lugo v. E.L.A., supra, pág. 160.
En resumen, la Ley de Confiscaciones vigente afecta al demandante ya que éste es una entidad comercial que se dedica al negocio de ventas de autos. No obstante, cabe señalar, que el demandante no quedará desprotegido ya que dichos negocios por lo general, poseen unos seguros que les garantizan recuperar la inversión realizada. De otra parte, "le compete al legislador, no a este Tribunal, determinar si debe concederse dicha protección o no". General Accident Insurance Co. y otros v. E.L.A., supra, pág. 412.
Al presente, el legislador ha querido conceder una protección especial a las empresas dedicadas al alquiler de vehículos. Mediante la Ley 167 de 28 de agosto de 1996, ley que enmienda el artículo 2 de la Ley Uniforme de Confiscaciones, se dispuso que "[N]o estará sujeto a ocupación para fines de confiscación, un vehículo alquilado a una empresa acreditada, el cual es usado en la comisión de un delito en que por ley se autorice la confiscación, a menos que el Estado pruebe la existencia de un vínculo delictivo entre el dueño del vehículo y la persona que lo alquile o lo maneje". El precepto legal que antecede se limita, hasta el presente, a los vehículos alquilados y no a los adquiridos mediante venta condicional como lo fue el automóvil confiscado a la apelante.
En relación al segundo error imputado, resolvemos que el Tribunal de Instancia actuó dentro del poder conferido por nuestro ordenamiento jurídico en las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, que le permite al tribunal disponer de un pleito sin la celebración de una vista, cuando de la demanda no surja una causa de acción que justifique algún remedio o no surja controversia real que merezca ser adjudicada. De igual manera, no existe ningún impedimento para que los tribunales tomen conocimiento motu proprio de la convicción de una persona. Archevali v. E.L.A., 110 D.P.R. 767, 770 (1981). La Regla 11 de las Reglas de Evidencia, 32 L.P.R.A. Ap. IV, dispone claramente que *1110 el tribunal podrá tomar conocimiento judicial de hechos adjudicativos.
Por los fundamentos precedentes confirmamos la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Humacao, declarando sin lugar la demanda sobre impugnación de confiscación.
Lo acordó el Tribunal y lo certifica la Señora Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA 66
1. La Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones, Ley Núm. 39 de 4 de julio de 1960, fue sustituida por la Ley Uniforme de Confiscaciones, Ley Núm. 93 de 13 de julio de 1988.