[Crim. No. 1204. Third Appellate District.—May 14, 1932.]

THE PEOPLE, Respondent, v. JOE BORRA, Appellant.

Ray T. Coughlin for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THOMPSON (R. L.), J.—The defendant was convicted of robbery of the second degree and has appealed from the

judgment which was entered in accordance therewith. The robbery is alleged to have been accomplished by means of force and fear.

The appellant asserts the judgment is not supported by the evidence for the reason that the record discloses an absence of proof of either force or fear in the perpetration of the crime. · The contention is without merit. There is ample evidence the robbery was accomplished by means which caused fear on the part of the owner of the property.

Mr. Ikar owns and operates a grocery business on 12th Street in Sacramento. About 11 o'clock in the forenoon of August 20, 1931, the defendant entered his store. The right hand of the defendant was thrust into his coat pocket in such a manner as to indicate that he held a concealed revolver. The defendant was promptly recognized by Mr. Ikar as the same individual who had held him up and robbed him at the same store a few days previously. The merchant testified: "I started to go out and pull the awning down, and this Joe Borra walked right in the store and pointed at me like that (indicating), and stuck me in the side—ribs, and told me to get back, back of the counter, which I did." The robber then demanded that the cash register be opened. He took the entire contents, consisting of only seven dollars. He then hastened away. On cross-examination the witness testified: "Well, as I explained . . . he walked up to me and stuck the gun on me and made me walk back. . . . Q. You say you had seen him before? A. Yes, sir. Q. And you say that he had held you up before? A. Yes sir. Q. And you reported that hold-up to the police, didn't you? A. Yes sir. . . . Q. And you are sure that that is the same man that held you up in August, are you? A. Yes sir, absolutely." Following a colloquy concerning the first robbery, Ikar testified regarding his fear of bodily harm, as follows: "Q. Were you frightened? A. I was frightened, yes. Q. Were you frightened the second time? A. No, I wasn't frightened the second time. Q. Why did you give up your money? A. . . . Why, he stuck the gun on me and told me to open the cash register. How could I— . . . Q. You testified he had his hand like this? (Indicating) A. Yes, how do I know,— Q. Yes. And you were frightened then, too, were you? A. No, I

wasn't so frightened like I was the first. Q. But you gave up your money? A. Yes."

Section 211 of the Penal Code provides: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

■ It is not necessary that the robbery be accomplished by means of both force and fear. Procuring the property by means of either force or fear is sufficient to comply with the requirements of the statute. In 54 Cal. Jur. 1067, section 173, it is said: "Where intimidation is relied upon, it must be established by proof of conduct, words, or circumstances reasonably calculated to produce fear. But it is not necessary that there be proof of actual fear, as fear may be presumed where there is just cause for it."

Under a statute defining robbery in the exact language which is employed in the California law, it was held in *Ross* v. *State,* 31 Okl. Cr. 143 [237 Pac. 469], the necessary element of fear in the accomplishment of robbery was amply proved by evidence that two men entered a bank armed with guns which were in plain view, and demanded the delivery to them of the money from the bank, although the lady who had sole charge of the bank testified she was not afraid of the robbers so long as she fulfilled their commands. In the case of *Wissinger* v. *State,* 39 Okl. Cr. 324 [264 Pac. 631], the element of fear in the accomplishment of robbery was held to have been sufficiently established. In that case a robber entered a gas station and procured the money from the cash register by pointing a gun at the owner and demanding the money, although the party in charge of the station testified he was not afraid of injury.

In the present case there is ample evidence of fear on the part of the owner of the store in spite of the fact that he said he was not frightened on the occasion of the second robbery as much as he was the first time. He did testify that the robber "stuck the gun" on him, and demanded that he open up the cash register. He admitted that he acquiesced in this demand very promptly. And he gave up the cash. Prompt compliance with the commands of an armed person, who by words or demonstration threatens bodily harm for failure to do so, furnishes some evidence of fear. The very prompt relinquishing of the money in the cash register is

also evidence of fear. Men do not ordinarily give up their hard-earned cash to a stranger who threatens them with a gun, except for fear of bodily injury in the event of a refusal to do so. In spite of the bravado of the merchant in declaring that he was not much afraid, we are inclined to believe he meant he was not afraid of receiving bodily harm so long as he complied with the demands of the robber. His speedy compliance with these demands is proof of that fact. The evidence is sufficient in this case to show that the robbery was accomplished by means of fear.

The judgment and the order are affirmed.

Plummer, Acting P. J., concurred.