El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan Marengo Santiago, acusado y apelante.

Núm. 11632.—*Sometido:* Diciembre 13, 1946. *Resuelto:* Enero 14, 1947.

*Buenaventura Esteves,* abogado del apelante; *Hon. Procurador General Interino Luis Negrón Fernández,* y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Se trata aquí de una apelación que establece el acusado contra sentencia de 18 meses de presidio luego de ser convicto por un jurado del delito de robo. El apelante señala dos errores que consideraremos conjuntamente: (1) la corte de distrito erró al denegar su moción de absolución peren-

toria (*nonsuit*); (2) el veredicto rendido por el jurado es contrario a la **prueba.**

 El apelante alega que El Pueblo no ha probado que él sustrajera dinero a la víctima por medio de la violencia y la intimidación. Pero el apelante lee erróneamente el artículo 238 del Código Penal que define el delito de robo.[1] Dicho artículo sólo exige que la sustracción se lleve a efecto por medio de la violencia *o* de la intimidación; no es necesario que se empleen ambas, la violencia y la intimidación. *People* v. *Borra,* 11 P.2d 403 (Calif., 1932); *Hood* v. *State,* 157 P.2d 918, 921 (Okla., 1945); *Wagner* v. *Commonwealth,* 182 S.W.2d 661, 663 (Ky., 1944); *People* v. *Coleman,* 127 P.2d 309, 315 (Calif., 1942). Toda vez que es suficiente la intimidación únicamente, el delito de robo puede cometerse sin que medie la violencia física. Es suficiente si de palabra, conducta o circunstancias se crea en la mente de la víctima la intimidación—temor de peligro. *People* v. *Borra,* supra; *State* v. *Woodworth,* 1 A.2d 254, 258 (N. J., 1938); *Koby* v. *State,* 198 N. E. 88 (Ind., 1935); Burdick, *Law of Crime,* sección 599, págs. 415–17. Según la Corte expresa en el caso de *Koby* a las págs. 90–91: " . . . el uso efectivo de la violencia no es esencial a la comisión del robo si la conducta del supuesto salteador es tal que ocasiona en la víctima el temor a daño corporal, de no satisfacer las demandas de aquél. . . . El temor efectivo no necesita ser probado, ya que una presunción legal del temor surgirá de hechos que claramente sugieren una causa para ello. . . . Evidentemente, a la víctima no se le debe exigir que ponga a prueba la sinceridad de las amenazas de su atacante para usar la violencia, si la conducta de éste es de tal naturaleza que la víctima razonablemente estima que será objeto de agresión corporal si no cede a las demandas de su atacante."

[1] Artículo 238: "Entiéndese por robo el acto de apoderarse criminalmente de bienes muebles pertenecientes a otro, ya sustrayéndolos de su persona, ya en su inmediata presencia y contra su voluntad, por medio de la violencia o de la intimidación."

En vista de lo anterior, el récord contiene prueba suficiente en apoyo tanto de la negativa a conceder la absolución perentoria (*nonsuit*) como del veredicto de culpabilidad. La víctima declaró que el acusado lo acechó en un callejón, lo tiró al suelo, se le vino encima y le sustrajo de su relojera $12.75 en efectivo mientras él se encontraba en el suelo. Declaró que dejó que el acusado tomara el dinero porque él quería más su vida que cien pesos, y que llamó a su vecina más cercana porque creyó que el acusado lo iba a golpear, ya que una persona que despoja a otra de su dinero en la forma antes dicha es capaz de usar la violencia para lograr su propósito.

Aun cuando supongamos, sin resolverlo, que estos hechos no constituyeron una sustracción mediante violencia, a los efectos del art. 238, la prueba claramente demuestra que la víctima permitió al acusado tomar su dinero por temor a que éste le infligiera castigo corporal si resistía a ello. Y eso, según hemos visto, es suficiente para constituir una sustracción por medio de la intimidación según lo requiere el artículo 238.

Es verdad que algunas personas, o tal vez muchas, harían resistencia al salteador con el resultado de que o bien se librarían del mismo o serían agredidas y robadas. Pero un ciudadano pacífico no viene obligado a desplegar tan extraordinario valor. Y si por el contrario elige ceder su propiedad o dinero bajo temor de violencia si no lo hace, el acusado bajo esas circunstancias ha obtenido propiedad por medio de intimidación en violación del art. 238.

El acusado también alega que existen algunas pequeñas discrepancias en las declaraciones de la víctima y otros testigos. No encontramos nada en estas discrepancias que nos obligue a anular el veredicto del jurado. En verdad, aun cuando desecháramos las declaraciones de los otros testigos, este Tribunal ha sostenido que el testimonio de un solo testigo, de ser creído, es suficiente para sostener una

convicción por robo. *Pueblo* v. *Cruz,* 61 D.P.R. 720. Y el veredicto en este caso está ampliamente sostenido por la declaración de la víctima.

*La sentencia de la corte de distrito será confirmada.*