[Crim. No. 7836.    In Bank.    July 2, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. ALBERT GILBERT RENTERIA, Defendant and Appellant.

Dan O'Neill, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

McCOMB, J.—Defendant appeals from a judgment finding him guilty of six counts of robbery.

*Facts*: Defendant personally and all counsel waived jury trial.

By stipulation of all counsel, the cause was submitted on the testimony contained in the transcript of the proceedings had at the preliminary hearing, subject to the court's rulings, with each side reserving the right to offer additional evidence.

All stipulations entered into at the preliminary hearing were deemed entered into in the proceedings herein; and it was further stipulated that all exhibits received at the preliminary hearing were deemed received in evidence subject to the court's rulings.

The trial court found defendant guilty on all six counts of robbery and also found that he was armed at the time of five of the robberies.

*Questions:* First. *Was there evidence to sustain the trial court's finding that defendant had suffered four prior convictions?*

*No.* The record discloses that the People offered proof of only three of the alleged prior convictions and expressly refrained from offering any proof of another alleged prior conviction, to wit, a burglary conviction suffered in Shasta County on January 2, 1951. Therefore, there having been no proof offered or received as to this alleged prior conviction, the finding that defendant was guilty thereof must be stricken from the record.

Second. *Was there substantial evidence to sustain the trial court's finding that defendant was guilty of robbery under the second count of the information, which alleged that defendant did "by means of force and fear take from the person, possession and immediate presence of Betty Sandlow the following described personal property, to wit: Forty-four Dollars ($44.00), in money . . ."?*

*Yes.* The evidence discloses that defendant entered a liquor store owned by Betty Sandlow, with a gun and a paper bag in his hands and, with the gun pointed at the clerk, told him to fill the bag. The clerk complied with defendant's demand, and put $25 or $30 in the bag. Betty Sandlow was in the store at the time.

At the trial the clerk was asked if he was in fear that defendant would use the gun, and he said, "No, I didn't have any fear of him."

The prosecution attempted to secure a qualification of the clerk's flat denial of fear, asking, "Would you have given him [defendant] the money had he not had the gun?" A defense objection to this question, however, was sustained.

The People are not "bound" by the clerk's testimony that he was not in fear, since there is other evidence which will support the conclusion that he acted in fear and would not have disgorged the contents of his employer's till except in fear of the harm which might come to him or his employer if he failed to comply with defendant's demands. (Cf. *People v. Acosta,* 45 Cal.2d 538, 542 [2] [290 P.2d 1].)

As was said in *People* v. *Borra,* 123 Cal.App. 482, 484 [11 P.2d 403]: "Prompt compliance with the commands of an armed person, who by words or demonstration threatens bodily harm for failure to do so, furnishes some evidence of fear. The very prompt relinquishing of the money in the cash register is also evidence of fear. Men do not ordinarily give up their hard-earned cash to a stranger who threatens them with a gun, except for fear of bodily injury in the event of a refusal to do so. In spite of the bravado of the merchant in declaring that he was not much afraid, we are inclined to believe he meant he was not afraid of receiving bodily harm so long as he complied with the demands of the robber."

In the *Borra* case, the victim contradicted his denial of fear by testimony that he was motivated by the fact that a gun was pointed at him. In the present case, the prosecution sought to obtain a similar contradiction from the clerk, but was effectively prevented from doing so by defendant's objection, which was sustained by the trial court.

The circumstances attending the transaction here involved fully support the trial court's conclusion that the clerk would not have given his employer's money to defendant unless he was in fear, in spite of his "bravado" answer in court, and that the clerk said he was not in fear because he felt certain no harm would result to him or his employer if he complied with the demand, as he did.

It is not reasonable to suppose that, particularly with his employer in the store, the clerk would have given the employer's money to an unauthorized stranger who demanded possession at the point of a gun, had the clerk not been in fear that injury to himself or his employer would result if he failed to comply with the demand.*

---

*Section 211 of the Penal Code provides: "Robbery is the felonious taking of personal property in the possession of another, from his

The finding of the trial court that defendant was guilty of a prior conviction of burglary allegedly suffered in Shasta County on January 2, 1951, is stricken, and the judgment in all other respects is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.

person or immediate presence, and against his will, accomplished by means of force or fear.''

Section 212 of the Penal Code provides: ''The fear mentioned in section 211 may be either:

''1. The fear of an unlawful injury to the person or property of the person robbed, or of any relative of his or member of his family; or,

''2. The fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery.''