465 P.2d 587

### The STATE of Arizona, Appellee,
### v.
### James Nelson HERKSHAN, Appellant.
### No. 2016.

Supreme Court of Arizona,
In Banc.
Feb. 27, 1970.

Rehearing Denied March 24, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Royal & Carlson, Tucson, for appellant.

HAYS, Justice.

Defendant James Nelson Herkshan was tried and convicted of aggravated battery committed while armed with a gun, in violation of A.R.S. § 13–245. He was sentenced to a term of five to six years at the Arizona State Prison. By this appeal defendant challenges the trial court's instructions defining the word "armed" as used in A.R.S. § 13–245, subsec. C.

Herkshan was arrested for beating up on one Jasper Kinsley in Tucson. Apparently

defendant was one of several perpetrators of the alleged battery. At the time of defendant's arrest several blocks and minutes removed from the crime, the arresting officer discovered a .22 caliber pistol, containing five live rounds, concealed on defendant's person. Defendant testified at trial that he was carrying the pistol at the time because he and his brother had been rabbit hunting earlier in the day. Although there was testimony that defendant had brandished the pistol earlier in the evening of the crime, at no time during the alleged battery did defendant use or display the pistol.

A.R.S. § 13–245, subsec. B provides that the maximum punishment for an aggravated assault or battery is five years at the state prison. Lesser penalties such as a fine or imprisonment in the county jail (not to exceed one year) are permissible at the trial judge's discretion. Subsection C of § 13–245 was added by the Legislature in 1967, and provides stiffer penalties where an aggravated assault or battery is committed "by a person armed with a gun or deadly weapon." The minimum sentence under this subsection is five years for the first offense. Defendant was convicted and sentenced under this amended statute.

At the close of the presentation of evidence, the trial court instructed the jury, over defendant's objection, that the term "armed with a gun or deadly weapon" in § 13–245, subsec. C meant "furnished or equipped with a weapon of offense or defense." Defendant contends that this instruction was erroneous. He argues that he merely "possessed" a gun, neither used nor revealed during the commission of the crime, and that the Arizona Legislature never intended the increased penalty provided in subsection C to apply to situations where the perpetrator merely possessed a gun or deadly weapon on his person during the commission of a crime and where the weapon was never used or intended to be used in the crime itself. We do not agree.

Crimes of violence are the most severely condemned forms of criminal activity in our contemporary society. During the past two decades, we have witnessed a seemingly unending increase in the occurrence of violent crimes. In an effort to reverse this alarming trend, the Legislature amended § 13–245 and other criminal statutes to increase the penalty for the commission of certain violent crimes where the perpetrator of the crime is armed with a gun or deadly weapon. Apparently, the Legislature felt that by increasing the penalty, would be criminals might be deterred from carrying arms which have the potential of inflicting death. Certainly the Legislature has the power to increase the penalty for such crimes.

We hold that the word "armed" in § 13–245, subsec. C applies to any situation where a gun or deadly weapon is within the immediate control of the criminal offender and is available for use in the crime. This application was also approved by the Wisconsin Supreme Court in Curl v. State, 40 Wis.2d 474, 162 N.W.2d 77 (1968), where the trial court properly rejected defendant's requested instruction that "armed means equipped with a weapon of offense or defense and must be displayed or referred to by the accused in connection with the crime charged." Defendant's conduct was clearly within the proscription of A.R.S. § 13–245, subsec. C.

Likewise, we hold that the trial court's instruction concerning the meaning of the term "armed" was correct. The trial court's definition of "armed" is substantially the same as that appearing in Webster's New International Dictionary, 2nd Edition, and has support in the case law of other jurisdictions. See Curl v. State, supra; People v. Klimek, 172 Cal. App.2d 36, 341 P.2d 722 (1959); People ex rel. Griffin v. Hunt, 150 Misc. 163, 270 N.Y.S. 248 (1934); affd. 267 N.Y. 597, 196 N.E. 598 (1935).

Defendant's conviction is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.