513 P.2d 140

STATE of Arizona, Appellee,

v.

Hartwell Larry SPENCER, Jr., aka Johnny
D. Asphy, Appellant.

No. 2418.

Supreme Court of Arizona,
In Division.

Aug. 6, 1973.

Gary K. Nelson, Atty. Gen., by Louis A.
Moore, Jr. and Cleon M. Duke, Asst. At-
tys. Gen., Phoenix, for appellee.

Reginald R. Kiefer, Jr., Phoenix, for appellant.

HOLOHAN, Justice.

Defendant, Hartwell Larry Spencer, Jr., was convicted by a jury of robbery with a gun, and was sentenced to a term of twelve to fifteen years in prison.

■ The first issue raised on appeal is whether the trial court erred in admitting into evidence exhibits 2 and 3, a gun and bullets. The transcript shows that when these two exhibits were offered, defendant objected only to the state's failure to show the chain of possession of the bullets (exhibit 3) from the time they were found, until the trial. Further foundation was laid by counsel for the state, both exhibits were re-offered and admitted *without objection*. Defendant, therefore, cannot now raise an objection to their admission. State v. Scanlon, 104 Ariz. 187, 450 P.2d 377 (1969); State v. Scott, 105 Ariz. 109, 460 P.2d 3 (1969).

■ Even if a valid objection had been timely made, the exhibits were admissible. Defendant now argues that the gun introduced was not shown to be either the gun used in the robbery, or a gun similar in size, shape, color, etc. It is true that the prosecution did not have the gun identified by the victim. The state merely showed that a short time after the robbery a deputy sheriff found the gun concealed in defendant's car. Earlier in the trial the victim in his testimony described the gun used in the robbery, and the prosecution offered the gun found in defendant's car as meeting that description. There was no dispute at the trial that the gun was similar to that described by the victim. There was ample probative force shown to make the exhibits admissible. State v. Brookshire, 107 Ariz. 21, 480 P.2d 985 (1971); Morgan v. State, 28 Ariz. 363, 236 P. 1112 (1925).

Defendant's last contention is that the court erred in instructing the jury that the term "armed with a gun means did the defendant use or display a pistol?" Defendant argues that this instruction, in effect, told the jury that defendant could be found guilty even though defendant had inadvertently displayed the gun, and he further argues that the victim did not testify that he was frightened or forced to acquiesce in the robbery because of the gun.

■ Arizona statute A.R.S. § 13–641 requires that a robbery be accomplished by means of force or fear. A.R.S. § 13–642 defines the term "fear" as used in A.R.S. § 13–641. The relevant portion to this case is: "The fear of an unlawful injury to the person . . . of the person robbed, . . . ." While the victim in this case did not testify that he was frightened or that he acted by reason of fear, such testimony was not necessary, and the proof necessary to establish the element of fear can be established by circumstantial evidence. People v. Renteria, 61 Cal.2d 497, 39 Cal.Rptr. 213, 393 P.2d 413 (1964). The California robbery statutes are substantially the same as our statutes, and as pointed out in People v. Renteria, supra, the compliance by a victim with the commands of an armed person furnishes the evidence to establish the element of "fear." See, also, People v. Borra, 123 Cal.App. 482, 11 P.2d 403 (1932).

■ The evidence in the present case fully supports the conclusion of the jury that the victim would not have given his employer's money to the defendant but for the fact that he was afraid of receiving bodily harm unless he complied with the demands of the defendant.

■■ The *instruction by the trial court* which told the jury that "armed with a gun" meant to use or display a pistol was not error. The instruction given was more favorable to the defendant than is required. In construing a similar section providing for increase of punishment under the aggravated assault statute, this Court held that an instruction which defined the term "armed with a gun or deadly weapon" meant "furnished or equipped with a weapon of offense or defense," was a correct statement of the law. State v. Herkshan, 105 Ariz. 394, 465 P.2d 587

(1970). The Court in the cited case held that the term "armed" meant any situation in which a gun or deadly weapon was within the immediate control of the offender and *available* for use in the crime. The instruction given by the trial court in this case required that the jury find that the defendant had *used* or *displayed* the weapon in the commission of the offense. The instruction required more than was actually necessary, and the contention of the defendant is without merit. In order to find that the defendant was armed with a gun, within the meaning of A.R.S. § 13-643, subsec. B, it was only necessary for the jury to find that, during the course of the robbery, the defendant had a gun within his immediate control and available for use in the crime. State v. Herkshan, supra.

Finding no error in the record, the judgment and sentence of the trial court are affirmed.

STRUCKMEYER and LOCKWOOD, JJ., concur.