750 P.2d 908

**STATE of Arizona, Appellee,**

v.

**Michael Scott TORRES, Appellant.**

**No. 1 CA–CR 10774.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 19, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Georgia B. Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

## OPINION

KLEINSCHMIDT, Judge.

Appellant was indicted on three counts of aggravated assault in violation of A.R.S. § 13–1204(A)(2). A jury found him not guilty of Counts I and III but guilty of attempted aggravated assault on Count II. The issue on appeal is whether the trial court should have given the jury a lesser included offense instruction on assault, as opposed to *aggravated* assault.

After an altercation in the parking lot of a bar, the defendant followed the victim and several friends to the victim's apartment complex, where he approached the victim, pointed a .22 caliber pistol at him, and threatened to shoot him. A police officer subsequently came upon the scene and shot the defendant. The victim suffered no physical injury.

At trial, the victim testified that during the assault, the defendant pointed the gun away from him and fired one shot to prove that the gun was not fake:

Q [by defense counsel] In any event, at some point in time didn't you tell him something about the gun not being real?

A Not that I can remember.

Q Do you remember him telling you that this is not a toy?

A Yeah.

Q And that immediately after that do you remember hearing the pop?

A Around there, yes.

Q So at some point in time did you reach the—push the gun away or grab it?

A I pushed it away once.

Q And was it at that point in time that [the defendant] told you that the gun is not a toy?

A Yeah.

The victim then testified that during the assault he believed that the gun was fake:

Q [by defense counsel] You indicated earlier, did you not, during interrogation by the police that you felt the gun was not real until after the events occurred, correct?

A Correct.

Q And the gun that you saw you thought was a fake, a toy gun?

A Right.

Q And during the time that [the defendant] was there, you did not feel that that was a real gun?

A Well, it was mixed emotion, but yeah, mostly I did not feel it was, because of the pop sound I heard it made me feel it wasn't that.

Q Even before you felt it was a toy gun, the man was trying to shine you on?

A Yeah, they were just joking around, trying to scare us.

Q Even after the pop, to you it didn't sound like a real gun, correct?

A Correct.

Q And when was it that you first learned that it was, in fact, a real gun?

A Not until like, you know, the next time that I went and spoke—

Q To the police or someone?

A To the police or my roommate, spoke with him, and they had mentioned to him it was a real gun.

\* \* \* \* \* \*

Q [by the prosecutor] At the time this was going on, were you sure in your own mind that it was a fake gun?

A No, I wasn't sure, but that's what I thought.

. . . .

Q What emotions were going through you at this time? How did you feel?
A It just all happened so fast. You were just scared and then there was a gun there being pointed towards you, and then the cap sound and stuff. It wasn't until afterwards when I thought it was fake, you know, but the emotion that I had during that was just everything was happening so fast, you know, you were scared. . . .

The defendant requested that the court give a lesser included offense instruction on the crime of assault. The trial judge refused this request. On appeal, the defendant argues that he was entitled to the instruction because during the assault the victim did not believe that the defendant had a real gun and therefore could not fear injury from the gun. While we acknowledge that the evidence would support a finding that the victim was not afraid of the gun, we disagree that the defendant was entitled to the requested instruction.

A person commits assault by intentionally placing another in reasonable apprehension of imminent physical injury. A.R.S. § 13–1203(A)(2). The crime is raised to aggravated assault if the defendant uses a deadly weapon. A.R.S. § 13–1204(A)(2). Therefore, in this case, the extra element distinguishing the lesser included offense of assault from the greater offense, aggravated assault, is the use of a deadly weapon. *See State v. Tims*, 143 Ariz. 196, 693 P.2d 333 (1985). A gun is a deadly weapon. A.R.S. § 13–105(10). If the use of a gun is not disputed, the defendant is not entitled to a lesser included instruction. *Tims*, 143 Ariz. at 199, 693 P.2d at 336.

The defendant argues that, because the crime of assault requires proof that the victim be placed in reasonable apprehension of imminent physical injury, the crime of aggravated assault requires proof that the victim have a reasonable apprehension that he might be injured *by a deadly weapon.*

A victim's perception of the dangerousness of a deadly weapon used during an assault is not an element of aggravated assault under A.R.S. § 13–1204(A)(2). All that is required is that the victim reasonably apprehend physical injury pursuant to the assault statute, A.R.S. § 13–1203(A)(2). *State v. Morgan*, 128 Ariz. 362, 367, 625 P.2d 951, 956 (App.1981). There must be an actual, subjective apprehension of injury, *State v. Angle*, 149 Ariz. 499, 720 P.2d 100 (App.1985), *aff'd in part, vacated in part*, 149 Ariz. 478, 720 P.2d 79 (1986), but the apprehension need not extend to the fear of the gun.[1] To hold otherwise would undermine the rationale behind the aggravated assault statute.

In *State v. Herkshan*, 105 Ariz. 394, 465 P.2d 587 (1970), the court held that a defendant could receive an increased penalty for committing an aggravated battery while armed with a gun, even though the defendant did not use or display the concealed pistol during the battery. *See also State v. Spencer*, 109 Ariz. 500, 513 P.2d 140 (1973). Although the court in *Herkshan* construed a crime under the old Penal Code, we believe that its perception of legislative policy applies to A.R.S. § 13–1204(A)(2). The court noted that:

> Crimes of violence are the most severely condemned forms of criminal activity in our contemporary society. During the past two decades, we have witnessed a seemingly unending increase in the occurrence of violent crimes. In an effort to reverse this alarming trend, the Legislature amended § 13–245 and other criminal statutes to increase the penalty for the commission of certain violent crimes where the perpetrator of the crime is armed with a gun or deadly weapon. Apparently, the Legislature felt that by increasing the penalty, would be criminals might be deterred from carrying arms which had the potential of inflicting death.

*Herkshan*, 105 Ariz. at 395, 465 P.2d at 588.

---

1. In convicting the defendant of the lesser included offense of attempted aggravated assault the jury apparently concluded that the victim was never in fear of bodily harm. The only rational basis to sustain a conviction for an attempted aggravated assault would be a finding that the defendant tried to frighten the victim but that the victim simply was not afraid.

We believe the legislature enacted § 13–1204(A)(2) to deter criminals from using weapons that have the potential for inflicting serious injury or death. *See State v. Bly*, 127 Ariz. 370, 372, 621 P.2d 279, 281 (1980). The history and commentary to § 13–1204 do not suggest a different interpretation. *See* Arizona Criminal Code Commission, Arizona Revised Criminal Code 136 (1975). The statute focuses on whether a weapon is deadly and in the immediate control of the criminal, not on the victim's perception of it. *See State v. Bice*, 127 Ariz. 312, 315, 620 P.2d 227, 230 (App.1980) (fact that victim did not see a weapon used during a sexual assault is of no consequence under A.R.S. § 13–604(K), which increases the penalty for using a deadly weapon during the commission of a felony).

Because it is undisputed that the defendant used a gun during the attempted assault, the trial court did not err in refusing to instruct on assault as a lesser included offense of aggravated assault.

The conviction and sentence are affirmed.

SHELLEY, P.J., and GRANT, J., concur.