Filed 9/24/20  P. v. Haub CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>JASON MICHAEL HAUB,<br>    Defendant and Appellant. | A157525<br><br>(Sonoma County<br>Super. Ct. No. SCR696089) |

Jason Michael Haub demanded money from a bank teller.  Afraid—and concerned Haub was armed—the teller complied.  A jury convicted Haub of second degree burglary (Pen. Code, § 459)[1] and second degree robbery (§ 211).  The trial court suspended imposition of sentence and placed Haub on probation with various conditions, including that he spend a year in county jail.  The court also imposed and suspended a $330 probation revocation fine (§ 1202.44).

Haub appeals.  He argues the court prejudicially erred by failing to sua sponte instruct the jury on grand theft, a lesser included offense of robbery.  Haub also contends—and the Attorney General agrees—the probation revocation fine should be reduced to $300.

---

[1] Undesignated statutory references are to the Penal Code.

1

We modify the judgment to reduce the probation revocation fine to $300. As modified, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The prosecution charged Haub with second degree burglary (§ 459) and second degree robbery (§ 211).

*Overview of Prosecution Evidence*

In November 2016, Haub was in financial trouble: he lost $1,000 gambling and owed his roommate $1,000 in rent. On November 8, Haub's roommate asked for the rent money; Haub said he would borrow money from a friend.

That day, Cristina R. was working as teller at a Santa Rosa bank. A man—later identified as Haub—came into the bank and approached Cristina's teller station. Haub was wearing a hoodie, a baseball cap, and sunglasses. He gave Cristina a "weird[,] uneasy feeling." Haub handed Cristina a robbery note demanding "hundreds, fifties, twenties." Cristina read the note and tried to keep it. In an aggressive voice, Haub told Cristina: " '[D]on't be stupid, give it back.' "

Cristina complied. She was afraid. She was also concerned the situation would "get worse" if she did not follow Haub's directions. Haub put a money bag on the counter. He told Cristina not to put a "dye pack" in the bag, which she interpreted as a "threat." Cristina placed money in the bag; Haub "requested more." Cristina reached into the money drawer and "grabbed the fifties" and the "twenties." She was worried Haub might be armed. Cristina pressed the "panic button" under the counter. Haub took the money—approximately $2,000—and left. Cristina ran to her desk and

called 911. She tried to "keep it together" during the call, but she was "stressed" from the experience.[2]

That afternoon, Haub told his roommate he had the rent money. When the two men met, Haub handed his roommate $1,000 in "stinky" and burned $50 and $100 bills. After receiving calls and texts from friends who suspected Haub was involved in a bank robbery, the roommate contacted the police. Eventually, police arrested and searched Haub and found a charred $100 bill. Haub denied being involved in the robbery but acknowledged resembling the perpetrator. He told the police several different stories about where he obtained the money he used to pay the rent.

Cell phone data suggested Haub's phone was in the vicinity of the bank on the afternoon of the robbery.

*Defense Evidence, Verdict, and Sentence*

Another bank teller gave the same estimation of Haub's height as Cristina's. Haub offered evidence challenging the accuracy of the cell phone data.

A jury convicted Haub of the charges. The court suspended imposition of sentence and placed Haub on probation with conditions, including that he spend one year in county jail. The court imposed and suspended a $330 probation revocation fine (§ 1202.44).

---

[2] Cristina told the police she was not afraid until after Haub left the bank. At the preliminary hearing, Cristina testified she was "nervous" during the incident, and scared after Haub left the bank.

# DISCUSSION

## I.

### *No Error in Failing to Instruct on Grand Theft as a Lesser Included Offense of Robbery*

The trial court must instruct the jury on a lesser included offense "if there is substantial evidence from which a jury could reasonably conclude that the defendant committed the lesser, uncharged offense but not the greater, charged offense." (*People v. Thomas* (2012) 53 Cal.4th 771, 813.) "[A] trial court errs if it fails to instruct, sua sponte, on all theories of a lesser included offense which find substantial support in the evidence. On the other hand, the court is not obliged to instruct on theories that have no such evidentiary support." (*People v. Breverman* (1998) 19 Cal.4th 142, 162.)

"We independently review a trial court's failure to instruct on a lesser included offense" (*People v. Cook* (2006) 39 Cal.4th 566, 596) but a failure to instruct on a lesser included offense in a noncapital case generally does not require reversal " 'unless an examination of the entire record establishes a reasonable probability that the error affected the outcome.' " (*People v. Thomas, supra,* 53 Cal.4th at p. 814.) No such reasonable probability exists if the jury necessarily decided the factual question posed by the omitted instruction adversely to the defendant under properly given instructions. (*People v. Beames* (2007) 40 Cal.4th 907, 928.)

Robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211; CALCRIM No 1600.) Grand theft from a person occurs when the property is taken from the victim but without the use of force or fear. (§ 487, subd. (c); CALCRIM No. 1801.) Grand theft from a person is a lesser included offense of the crime of robbery. (*People v. DePriest* (2007) 42 Cal.4th 1, 50.)

4

Haub argues the court erred by not instructing the jury, sua sponte, on the lesser included offense of grand theft. We disagree. When Haub—who was wearing a disguise—entered the bank, he made Cristina feel "uneasy." He demanded money from Cristina, and spoke to her aggressively when she tried to keep the robbery note. Cristina was afraid, concerned Haub might have a weapon, and worried the situation could escalate if she did not follow Haub's directions. She interpreted Haub's dye pack request as a "threat," and she pressed the panic button during the incident. After Haub left, Cristina remained "stressed" from the experience. No grand theft instruction was required because this evidence established the crime was robbery, not theft: Haub took property from Cristina against her will and by use of fear. (See *People v. Morehead* (2011) 191 Cal.App.4th 765, 777–778 [ample evidence supported fear element of robbery].)

Haub claims a grand theft instruction was required because the prosecution evidence "lacked consistency" on whether he took the money by "fear or intimidation." To support this argument, Haub relies on Cristina's statement to the police, and her preliminary hearing testimony, that she was not afraid until Haub left the bank. This is not substantial evidence from which a jury could reasonably conclude Haub committed grand theft without using force or fear, because Cristina testified at trial that she *was* afraid during the incident. Moreover, " '[f]ear' may be inferred from the circumstances despite . . . contrary testimony of the victim." (*People v. Iniguez* (1994) 7 Cal.4th 847, 857; *People v. Renteria* (1964) 61 Cal.2d 497, 499.) Finally, a victim's "fear need not occur at the time of the initial taking. The use of . . . fear to escape or otherwise retain even temporary possession of the property constitutes robbery." (*People v. Flynn* (2000) 77 Cal.App.4th 766, 771–772.) Even if the jury credited Cristina's statements that she was

5

not afraid until after Haub left the bank, a grand theft instruction was not required.

Having concluded the court did not err by declining to sua sponte instruct the jury on grand theft as a lesser included offense, we need not address the parties' arguments regarding prejudice.

## II.

### *The Probation Revocation Fine Must be Reduced*

As relevant here, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)), plus a 10 percent administrative fee (§ 1202.4, subd. (*l*)), for a total of $330. The court imposed and suspended a probation revocation fine of $330 (§ 1202.44).

Haub contends—and the Attorney General agrees—the probation revocation fine should be reduced to $300. The parties are correct. When a defendant is placed on probation, the court must order "an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." (§ 1202.44.) Here, the restitution fine imposed pursuant to section 1202.4, subdivision (b) was $300. Thus, the probation revocation fine must be reduced to $300.

## DISPOSITION

The judgment is modified to reduce the probation revocation fine (§ 1202.44) to $300. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and/or sentencing minute order in accordance with this disposition, including the correct spelling of Haub's middle name—Michael—and to forward a certified copy to the Department of Corrections and Rehabilitation.

6

_____

Jones, P. J.

WE CONCUR:


_____

Simons, J.


_____

Needham, J.


A157525