NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER ANTHONY MENDOZA, *Appellant.*

No. 1 CA-CR 22-0606
FILED 7-25-2023

Appeal from the Superior Court in Yuma County
No. S1400CR202100265
The Honorable Roger A. Nelson, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Yuma County Public Defender's Office, Yuma
By Kaitlin Amos, Robert Trebilcock
*Counsel for Appellee*

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge D. Steven Williams delivered the Court's decision, in which Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**W I L L I A M S**, Judge:

**¶1**        Defendant Christopher Mendoza appeals his conviction and sentence for aggravated assault using a deadly weapon or dangerous instrument. For reasons that follow, we affirm his conviction and sentence as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        One February 2021 afternoon, Yuma police responded to a shoplifting call at Walmart. Mendoza was standing next to his parked car in the parking lot when a police officer drove past him. Mendoza then walked into the store, and the officer decided to run Mendoza's license plate. Mendoza had a warrant for his arrest.

**¶3**        When Mendoza left the store, the officer approached him from behind, calling out, "hey." Mendoza did not stop but instead got into his car and started it. Simultaneously, Mendoza's girlfriend walked behind the officer, trying to talk to her in an "almost distractionary" way. As Mendoza "reversed [his car] at a high rate of speed," the officer hit the back passenger window with the palm of her hand. The driver's side mirror struck the officer's arm and broke off from the car. The impact caused the officer's arm minor bruising and redness. Mendoza's tires screeched as he drove off. Mendoza later stated he saw a "blue uniform" and that he was "on the run and [] didn't wanna go back to jail."

**¶4**        The State ultimately charged Mendoza with a single count of aggravated assault using a deadly weapon or dangerous instrument, a class 2 felony under A.R.S. § 13-1204(A)(2) and (F). At trial, the officer testified about the incident and the jury watched the officer's body worn camera footage of the incident. A detective who responded to the incident and later interviewed Mendoza also testified.

**¶5**        At the end of the State's case-in-chief, Mendoza moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20 ("Rule 20"), arguing that the State did not provide substantial evidence the officer

suffered any "actual physical injury" or that Mendoza's actions were reckless. The trial court denied the motion, and the jury convicted Mendoza as charged. Mendoza was sentenced to a minimum term of seven-years' imprisonment under A.R.S. § 13-704 and was given 664 days of presentence incarceration credit.

¶6        Mendoza timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21, 13-4031, and -4033.

## DISCUSSION

¶7        Mendoza alleges three errors on appeal: (1) the trial court erred by denying his Rule 20 motion; (2) the trial court's sentence included an aggravator not found by the jury, and; (3) the trial court improperly sentenced Mendoza under A.R.S. § 13-1204(C).

### I.        Rule 20 Motion

¶8        We review a denial of a Rule 20 motion *de novo* but view all evidence in a light most favorable to sustaining the verdict. *State v. Allen*, 253 Ariz. 306, 311, ¶ 69 (2022). We will affirm the trial court's ruling if any reasonable juror could have concluded the State proved the essential elements of the crime beyond a reasonable doubt. *State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011).

¶9        Mendoza argues the State failed to prove "any serious physical injury had been inflicted by a dangerous instrument." But whether the officer suffered a serious physical injury is not an essential element under A.R.S. § 13-1204(A)(2). *State v. Molina*, 211 Ariz. 130, 133, ¶ 10 (App. 2005). Instead, the State needed to prove that Mendoza used a dangerous instrument to "caus[e] *any* physical injury to another person." A.R.S. § 13-1203(A)(1) (emphasis added). A dangerous instrument is "anything that under the circumstances in which it is used . . . is readily *capable* of causing death or serious physical injury." A.R.S. § 13-105(12) (emphasis added). In other words, the State was not obligated to prove that the dangerous instrument (here, Mendoza's car) caused a serious injury, only that it was readily capable of causing such injury.

¶10       Mendoza also argues his actions could not be the "legal and proximate cause" of the officer's minor injuries because the officer "caused the impact by walking into [his] blind spot and hitting the car window with her hand." Though the officer may have placed her hand on the car, she did so at the same time Mendoza was quickly reversing out of the parking space

making their actions concurrent. *State v. Aragon*, 252 Ariz. 525, 529, ¶ 11 (2022) ("[W]he[n] the defendant's course of conduct actively continues up to the time the injury is sustained, then any outside force which is also a substantial factor in bringing about the injury is a concurrent cause of the injury and never an intervening force.") (internal quotations omitted). Mendoza's course of conduct—beginning with reversing his car and ending with the injury to the officer—was continuous. Even if the officer's decision to approach the car and place her hand on it was a "substantial factor" in causing the injury, it was not an "intervening force" such that Mendoza would not be the cause of the officer's injuries. *Id.*

**¶11**        Mendoza further contends the State failed to prove he acted recklessly in hitting the officer. To prove Mendoza acted recklessly, the State was required to show that Mendoza "consciously disregard[ed] a substantial and unjustifiable risk," which must be "of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe." A.R.S. § 13-105(10)(c). Because Mendoza (according to him) looked over his shoulder before backing out of the parking space, he argues his conduct was "cautious and reasonable." But the officer's body-worn camera also showed Mendoza exited the space and parking lot fast enough to make his tires screech, that he did so in a parking lot with several pedestrians, and that he failed to stop after striking the officer. The detective's testimony likewise indicated Mendoza may have been aware of the officer's presence and that he was attempting to flee. A reasonable juror could conclude Mendoza was consciously attempting to evade law enforcement, risking injury to the officer and others. *See State v. Miles*, 211 Ariz. 475, 482, ¶ 27 (App. 2005) (finding that, among other facts, evidence the defendant drove "with tires screeching" and failed to stop or slow down when required was sufficient for a reasonable juror to find recklessness).

**¶12**        The trial court did not err by denying Mendoza's Rule 20 motion.

## II.    *Blakely and Dangerous Instruments*

**¶13**        Mendoza next contends the trial court was not permitted to sentence him under A.R.S. § 13-1204(A)(2) since the jury did not make an explicit finding whether he used a dangerous weapon in committing assault, thus violating his Sixth Amendment rights under *Blakely v. Washington*, 542 U.S. 296 (2004). Because Mendoza objected at trial, we review for harmless error. *State v. Henderson*, 210 Ariz. 561, 565–66, ¶ 8 (2005).

¶14        After instructing the jury, but before deliberations began, the court chose to alter the verdict forms. The original verdict forms gave the jury three findings to consider: (1) whether Mendoza had committed aggravated assault under A.R.S. § 13-1204(A)(2); (2) whether Mendoza used a deadly weapon or dangerous instrument; and (3) whether the offense was committed against a peace officer. The State, fearing the possibility that the jury could return a contradictory verdict, moved the court to remove the second finding requiring the jury to explicitly state whether the element of use of a dangerous weapon had been proven. Over Mendoza's objection, the court altered the verdict forms.

¶15        Mendoza argues that under *Blakely*, his sentence for aggravated assault cannot stand because the jury did not separately and explicitly find he used a dangerous instrument. But nothing in the trial court's decision implicates, much less transgresses, the protections under the Sixth Amendment per *Blakely*. Though Mendoza characterizes the use of a dangerous instrument in A.R.S. § 13-1204(A)(2) as a "sentence enhancement," it is not an aggravator in the traditional sense. The State made clear it had not sought any aggravators here. Rather, the use of a dangerous instrument was a distinct element of the charged offense, which the State was required to prove beyond a reasonable doubt. *See State v. Torres*, 156 Ariz. 150, 152 (App. 1988) (noting that "the extra element distinguishing the lesser included offense of assault from the greater offense, aggravated assault, is the use of a deadly weapon"). There is no requirement that verdict forms command the jury to make a separate finding as to every element of a charge. *See State v. Hernandez*, 191 Ariz. 553, 561, ¶¶ 34-39 (App. 1998) (noting that the court did not err when providing only the option of "guilty" for each charge, when also accompanied by a single finding of "not guilty" for each charge).

¶16        The jury instructions listed the elements required for aggravated assault—including the requirement that Mendoza used a dangerous instrument—along with the definition of "dangerous instrument." Because we presume that juries follow the instructions given, *State v. Gallardo*, 225 Ariz. 560, 569, ¶ 44 (2010), we presume the jury understood its task in deliberating before returning a verdict.

¶17        To the extent that Mendoza argues the jury needed to make a separate finding of dangerousness, we disagree. A dangerous offense is an offense "involving the discharge, use or threatening exhibition of a . . . dangerous instrument." A.R.S. § 13-105(13). A jury "need not make a finding of dangerousness where it is inherent in the crime," *State v. Larin*, 233 Ariz. 202, 212, ¶ 38 (App. 2013) (quotations omitted), and

dangerousness is inherent in a verdict for aggravated assault involving dangerous instruments. *State v. Suniga*, 145 Ariz. 389, 396 (App. 1985).

   *III. Mendoza's Sentence Under A.R.S. § 13-1204(C)*

**¶18**   Mendoza's final argument challenges the trial court's sentencing order, which lists a string citation of statutes Mendoza was sentenced under and included A.R.S. § 13-1204(C). Subsection C states:

> A person who is convicted of intentionally or knowingly committing aggravated assault on a peace officer pursuant to subsection A, paragraph 1 or 2 of this section shall be sentenced to imprisonment for not less than the presumptive sentence authorized under chapter 7 of this title and is not eligible for suspension of sentence, commutation or release on any basis until the sentence imposed is served.

Because the State's theory of the case at trial was that Mendoza's aggravated assault resulted from reckless conduct, not intentional or knowing conduct, Mendoza contends he could not be sentenced under A.R.S. § 13-1204(C). We agree.

**¶19**   The only aggravated assault element the jury was instructed on was using a dangerous instrument under A.R.S. § 13-1204(A)(2). And Mendoza was not charged under A.R.S. § 13-1204(A)(8)(a) (allowing for a conviction of aggravated assault "[i]f the person commits the assault knowing or having reason to know that the victim is . . . [a] peace officer"). The jury never found, expressly or impliedly, that Mendoza intentionally or knowingly committed an assault on a police officer.

**¶20**   Mendoza urges us to remand the matter for a new sentencing hearing. The trial court referenced A.R.S. § 13-1204(C) only one time—in its sentencing order. But that statute is listed among several other statutes. No party mentioned the statute, and the State did not argue that Mendoza should be sentenced under the statute. To the contrary, the State's sentencing memorandum (which Mendoza agreed with in his sentencing memorandum), the presentence report, and the trial court's oral pronouncement of Mendoza's sentence all show Mendoza was sentenced to a minimum term for his crime, not the presumptive sentence required under A.R.S. § 13-1204(C). Although the reference to A.R.S. § 13-1204(C) in the sentencing order is error, the trial court did not consider or use it to determine Mendoza's sentence. Therefore, we amend the sentencing order to remove reference to A.R.S. § 13-1204(C) and affirm the sentence as amended. Ariz. R. Crim. P. 31.19(c) (noting that an "appellate court may

reverse, affirm, or modify the action of a lower court, and it may issue any necessary and appropriate order in connection with its decision"); *see also State v. Veloz*, 236 Ariz. 532, 538, ¶ 21 (App. 2015) (finding that the appeals court could modify an incorrect sentencing minute entry "if the record clearly identifies the intended sentence").

## CONCLUSION

**¶21**        We affirm Mendoza's conviction but modify the trial court's sentencing order to remove its single reference to A.R.S. § 13-1204(C). In all other respects, we affirm Mendoza's sentence.

