495 P.2d 440

**STATE of Arizona, Appellee,**

v.

**Clyde Beatty HOPKINS, Appellant.**

**No. 2175.**

Supreme Court of Arizona,
In Banc.
March 30, 1972.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

This is an appeal from a judgment of guilty of the crime of first degree burglary.

Defendant Clyde Beatty Hopkins was charged with burglarizing the Administration Building of the Phoenix Union High School District on December 17, 1969. At about 12:46 a. m. of that day, two Phoenix police officers, in response to a silent burglar alarm report, went to the Administration Building of the Phoenix Union High School District, where they met two employees of the company which maintained the burglar alarm. Shortly thereafter, the defendant was seen running away from the building, and he was placed under arrest.

Investigation revealed that a door to the building was unlocked, but that also a hinged window to the ladies' lounge had been pushed open. Beneath the window on the outside, there was a flower bed which had been watered either that day or the day before. Along the lounge there was a leather couch. Scuff marks were found on the wall between the window and the couch and mud was found on the floor. A police identification technician discovered a print of the defendant's right middle finger on the upper left hand corner of the frame of the window. Nothing had been taken from the building.

The defendant testified that he had a fight with two companions and to escape from them he had entered the building by a door which was open. The single question to be resolved by the jury was whether defendant had entered the building with the intent to commit theft or any felony, A.R.S. 13–302, subsec. A, as amended.

The defendant complains that the following instruction of the trial court to the jury was a comment on the evidence:

"You are instructed that intent to commit theft, or a felony, may be inferred from entering a building which contains things of value when the mode of entry is something more suspicious than simply walking into a building through an unlocked door."

The substance of this instruction is taken from the opinion in State v. Rood, 11 Ariz. App. 102, 462 P.2d 399 (1969). It is argued, however, that the instruction infers that defendant's story is untrue and, consequently, is a comment on the evidence.

Comments on evidence are prohibited by Article 6, § 27 of the Arizona Constitution, A.R.S., in this language:

"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

The purpose of the constitutional mandate is to prohibit judges from expressing their opinion as to evidentiary matters. State v. Boag, 104 Ariz. 362, 366, 453 P.2d 508, 512 (1969). In State v. Willits, 96 Ariz. 184, 393 P.2d 274 (1964), we stated:

" 'The trial court is not forbidden to make reference to the evidence, but is only forbidden to comment thereon.' " 96 Ariz. at 189, 393 P.2d at 277 (quoting State v. Roberts, 144 Wash. 381, 382, 258 P. 32 (1927).)

We also held in *Willits* that the word "comment" as used in the Constitution has the usual connotation of an expression of opinion, 96 Ariz. at 189, 393 P.2d at 277.

As we read the instruction, the trial court did not express an opinion as to the want of truthfulness of the appellant's testimony. In effect, the trial court told the jury that intent to commit a theft or other felony could be inferred if it believed that the entry was through the building's window, but that it could not be inferred where the entry was simply by walking into a building through an unlocked door. In other words, the jury was told that criminal intent could be implied from stealth or secretiveness. We do not construe this as a comment on the evidence.

Defendant also complains of misconduct by the deputy county attorney prosecuting the offense when he told the jury in the course of his argument: "You will also be instructed by the Judge on a lesser included offense of just trespass. I don't think there is any trespass here whatsoever. Trespass is a misdemeanor, it means you are just there." It is appellant's position that to inform the jury a lesser included offense to the felony charge of burglary is a misdemeanor is another way of saying to the jury that it should not convict defendant of trespass because the punishment is not as severe as for a felony. We think this is at best a triviality which cannot be considered as prejudicial error. Jurors do not live in a vacuum. In arriving at a verdict they would be aware that a lesser offense would be punished less severely than a greater offense.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.