497 P.2d 402

**STATE of Arizona, Appellee,**

v.

**Donald DUSCH and Dennis Cork, Appellants.**

**No. 1 CA–CR 397.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 23, 1972.

Rehearing Denied June 26, 1972.

Review Denied July 13, 1972.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, for appellants.

STEVENS, Presiding Judge.

Donald Dusch and Dennis Cork, the appellants before this Court, were co-defendants in the above-numbered criminal cause in the Superior Court. In this opinion they will be collectively referred to as the defendants or individually by name.

Each defendant separately entered his plea of guilty on the proposed trial date to an amended information charging burglary in the second degree, an offense which carries a permissible sentence of not less than one year and not more than five years. After the acceptance of their pleas of guilty, they were separately adjudged guilty and each was sentenced to not less than three years and not more than five years in the Arizona State Prison and both were given credit for their presentence jail time. They were represented by counsel at the preliminary hearing and both waived the preliminary hearing. The information, which charged the same offenses alleged in the complaint, charged both of the defendants with two counts, the first count alleging a first degree burglary on 15 November 1970 "of a store [bar] located at 33 N. Central, City of Phoenix." The second count alleged grand theft from Poor Tom's of Liquor, $700 in bills and change, and two $1.00 bills. The serial numbers of the two $1.00 bills were identified in the information. The combined possible maximum

sentence for the two counts for each defendant was 25 years.

After initial pleas of not guilty, they came before the trial court on 3 February 1971 at which time the trial court declined to accept the plea of guilty by Dusch to the offense of burglary in the second degree and the trial date of 9 February was reaffirmed.

On 9 February the amended information was filed and the separate pleas of guilty for each defendant to the amended information were accepted as being voluntarily, intelligently, and freely entered.

The appeal centers on the proceedings of 9 February. Burglary under A.R.S. § 13–302 has two essential elements, the first is the entry and the second is that the entry must be "with the intent to commit grand or petty theft, or any felony." In the trial court's separate questioning of the defendants it was clearly established that the address set forth in the original count one was the same establishment as the place of business named Poor Tom's and set forth in the original count two. The trial court clearly established an unauthorized entry by both defendants in the nighttime when the premises were closed. The trial court did not expressly establish that at the time of entry each of the defendants entertained the necessary intent to commit theft.

The Superior Court inquired as to whether there were any additional matters which needed to be disclosed and counsel affirmed that there were none.

The reporter's transcript of the sentencing discloses the fact of a presentence investigation by the probation officer of the trial judge and that the trial judge relied on the facts therein set forth which included the probation officer's interviews with the defendants.

At all of the Superior Court appearances the defendants were represented by counsel.

The appeal does not urge that the defendants or either of them were in fact not guilty of the offense of burglary. The appeal does not urge an absence of adequate representation and counseling by their attorney. The trial court used great care to see that the rights of the defendants were protected.

While we have some reservations as to the absolute necessity of inquiry as to the element of intent at the time of entry, we addressed an inquiry to the trial court sending a copy to counsel. The reply has been received in the form of the probation officer's report. The defendants planned the burglary beforehand. They entered the establishment through a skylight in the roof. They exited through the rear door. They took money and merchandise of a value of approximately $884.00.

There can be no doubt that all of the elements of burglary are present and that the factual basis is fully established of record. It has been repeatedly held that proof of a requisite intent to commit theft or any felony can be shown by circumstantial evidence, State v. Loggins, 13 Ariz. App. 577, 479 P.2d 724 (1971); that criminal intent must always be shown by circumstantial evidence inasmuch as no one can read the defendant's mind so his intent must be inferred from his conduct or comments. State v. Lenahan, 12 Ariz.App. 446, 471 P.2d 748 (1970); and that an inference of the requisite intent in a burglary case might be drawn when entry is by force or through a window or by some other surreptitious means. State v. Rood, 11 Ariz.App. 102, 462 P.2d 399 (1969). See also State v. Hopkins, 108 Ariz. 210, 495 P.2d 440 (1972).

Possibly it would be better practice to establish all the minutia in infinite detail in the record. To reverse these pleas, judgments and sentences would tax our sense of judicial responsibility. As to both defendants,

Affirmed.

CASE and DONOFRIO, JJ., concur.