531 P.2d 148

**STATE of Arizona, Appellee,**

**v.**

**Andrew BARNETT, Appellant.**

**No. 2860.**

Supreme Court of Arizona,
In Banc.

Jan. 29, 1975.

[redacted]

Gary K. Nelson, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry L. Croghan, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Andrew Barnett, Jr. appeals from a judgment and sentence for the armed robbery of a Tempe convenience market in June, 1973. He was placed on probation for five years with one of the conditions of probation being that he served one year in the county jail.

The appellant and an acquaintance were in the store at about 2:00 a. m. Barnett pointed and cocked a handgun at the store clerk, telling him that he wanted money. Before the store clerk could comply, a customer entered the store. Barnett put the gun away and, after a few moments, took some wine and cigarettes without paying for them. After Barnett and his acquaintance left, the store clerk called the police who soon apprehended the duo as they were driving north of the market.

Barnett and the man he was with were both indicted for armed robbery. At the close of the state's case, the trial judge directed a verdict of acquittal as to Barnett's co-defendant and cautioned the jury not to speculate thereafter on the absence of the former defendant.

In closing argument, the prosecutor remarked on the serious nature of the offense, as borne out by crime statistics.

Appellant Barnett alleges error in three respects: 1) that the trial judge, in effect, unconstitutionally commented on the evidence when he gave a directed verdict to Barnett's co-defendant and gave a cautionary instruction to the jury regarding the co-defendant's absence, 2) that the evidence was insufficient to convict Barnett

for armed robbery, and 3) that the prosecutor's remarks about the prevalence of crime in the community were improper and prejudicial.

As to appellant's first contention, it is true that the Arizona Constitution provides that "Judges shall not charge juries with respect to matters of fact, nor comment thereon . . . ." Ariz.Const. art. 6, § 27, A.R.S. We fail to see how this prohibition was violated when the trial judge told the jury:

"Ladies and gentlemen, as I think it is apparent to you, the [co-defendant] . . . is no longer involved in this matter. The Court will instruct you that you are not to speculate or to guess as to the reasons for his absence from any further proceedings in this matter."

In chambers, the defense attorney had argued unsuccessfully that any comment would be interpreted to mean that the court felt that there was insufficient evidence to proceed against the co-defendant, but sufficient evidence as against the remaining defendant, Barnett.

The purpose of Art. 6, § 27 is to prohibit judges from expressing their opinion as to evidentiary matters. State v. Boag, 104 Ariz. 362, 453 P.2d 508 (1969). The constitutional provision does not forbid a trial court from making reference to the evidence, but it does forbid comment. The word comment as used in the constitutional provision has been construed to mean the expression of an opinion. State v. Hopkins, 108 Ariz. 210, 495 P.2d 440 (1972); State v. Willits, 96 Ariz. 184, 393 P.2d 274 (1964).

The challenged statement by the trial court did not violate the constitutional provision against comment on the evidence. There was no expression of an opinion by the trial court as to any matter of fact. The trial judge properly instructed the jury on the legal effect of the withdrawal from their consideration of the case against the co-defendant.

Appellant next questions the sufficiency of the evidence used to convict him. Arizona law defines robbery as

" . . . the felonious taking of personal property in the possession of another from his person, or immediate presence, and against his will, accomplished by means of force or fear." A. R.S. § 13–641.

It is argued that since Barnett put the gun away, the atmosphere of coercion and fear was dissipated.

An essential element of robbery is the use of force or the putting in fear. State v. Alexander, 108 Ariz. 556, 503 P.2d 777 (1972); State v. George, 108 Ariz. 5, 491 P.2d 838 (1971). The store clerk's testimony at trial clearly shows his ongoing fear for life and limb. When appellant took the wine and cigarettes he made it clear that he wasn't going to pay for them. The presence of the gun in the possession of the appellant silenced any protest from the clerk. As long as the weapon was within the immediate control of Barnett and was available for use, he was still "armed," State v. Spencer, 109 Ariz. 500, 513 P.2d 140 (1973); State v. Herkshan, 105 Ariz. 394, 465 P.2d 587 (1970), and this gave the clerk every reason to be afraid as Barnett took wine and cigarettes from the market.

The elements of an armed robbery were met by appellant's actions. This Court will not upset the verdict on review where there is substantial evidence to support it. State v. Trotter, 110 Ariz. 61, 514 P.2d 1249 (1973).

Appellant's last assignment of error relates to the prosecutor's closing remarks about crime in the community:

" . . . Robbery is robbery, and you don't have to go into the jury room blinded. You heard what the satistics [sic] are. It's a serious offense, crime . . . . ."

A reference by the prosecutor to the prevalence of crime is not improper. State v.

Williams, 107 Ariz. 262, 485 P.2d 832 (1971).

" . . . The range of discussion and argumentation is very wide and matters of common knowledge may be referred to and allusion may be made to the prevalence of crime and the duty of the jury. [citations omitted] . . . ." 107 Ariz. at 264, 485 P.2d at 834.

Judgment affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.