536 P.2d 722

**W. R. SKOUSEN CONTRACTORS, INC.,**
Appellant,

v.

Bernard **CHATTER**, Administrator of the Estates of Otis Chatter and Rose Chatter, Deceased, Henry Parker, Nellie Chatter, Dennis Chatter, and Edwin B. Morris, Appellees.

No. 1 CA–CIV 1929.

Court of Appeals of Arizona,
Division 1,
Department B.

June 10, 1975.

Rehearing Denied July 16, 1975.

Review Denied Sept. 25, 1975.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by John H. Westover, John H. Lyons, Jay M. Martinez, Phoenix, for appellant.

Holman & Lewis by John D. Lewis, James R. Holman, Tempe, for appellees.

## OPINION

EUBANK, Judge.

This appeal is from a jury verdict and judgment in favor of the appellees in a suit for personal injuries and wrongful death.

On June 30, 1964, the appellees, all Navajo Indians living on the Navajo Indian Reservation in Navajo County, Arizona, were returning home in a vehicle driven by appellee Edwin Morris. As their vehicle

proceeded north along Arizona State Route 87, approximately 23½ miles north of its junction with U. S. Highway 66 (256 yards south of the old Dilcon crossing) they were involved in a head-on collision between their vehicle and a construction vehicle owned by the appellant and driven by its employee. The collision was caused by extreme dust generated from the road construction project being conducted at that point by the appellant and by the lack of proper traffic controls. The injuries to the appellees were extensive. The appellees filed suit, and, following a trial, the jury returned a verdict in their favor totaling $312,000. The appellant appeals from that judgment.

Appellant raises six questions on appeal. At oral argument the first question, involving the Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107 (1970) problem of the trial court restricting the jury in any manner regarding its determination of contributory negligence, was waived; thus only five questions remain for our consideration.

## COUNSEL'S MISCONDUCT

■ Appellant's second question is: "Can a verdict returned for [appellees] as a result of passion and prejudice, be allowed to stand where the record establishes that [appellees'] counsel argued his personal beliefs in his clients' cause from the bench?"

This contention is best summarized in appellant's own words: "In numerous instances during the course of the trial, defense counsel found it necessary to object to the misconduct of plaintiffs' counsel, and Mr. Lewis seemed totally unable to abide by rulings of the court". Recognizing that it has the burden of persuasion on this point, appellant lists sixteen separate incidents of prejudice, a statement by counsel for the appellees in support of his argument that the bid price of the road contract was relevant evidence, and his statement to the jury that: "For seven years, four young children have lived without a mother and father and will continue

to do so and live off charity, whether it be by the Mormon Church, or their grandmother."

Concerning this latter statement, the record shows that evidence was before the jury relating to the care of the children by persons other than the deceased appellee-parents. In summation, appellant first raised the issue by questioning the motivation of the deceased father and mother in placing two children with Mr. and Mrs. Jarvis before their accident and death, apparently attempting to raise the inference that the children suffered very little damage from the loss of their parents because of their excellent foster parents. Under these circumstances we are of the opinion that the trial judge did not abuse her discretion in denying the motion for mistrial.

■ We have examined the remaining allegations of misconduct and although we agree that the evidence regarding the contract price of the road project was not relevant to any issue in the case and therefore properly excluded by the trial judge, we cannot say that the trial court abused its discretion in not granting appellant a new trial on the basis of appellees' counsel's alleged misconduct.

## EXPERT WITNESS

■ The third question is whether the trial court abused its discretion in permitting appellees' expert witnesses' deposition testimony to be read into evidence. The record shows that Mr. F. E. Stearman, appellees' expert witness on the issue of reasonable road construction safety procedures, had suffered a heart attack at the time of trial and that the appellees requested the trial court to permit Mr. John Cable to be substituted, as their expert witness, even though he had not been listed as a witness prior to trial as required by the Rules. Following extensive argument on the issue, the court permitted the substitution. Since Cable's mother had died, and he had to leave town to attend her funeral, his testimony was taken by deposition and then read to the jury.

Appellant complains that Rule XVI(c), Uniform Rules of Practice of the Superior Court, 17A A.R.S., was not complied with, in that good cause for the substitution was not shown because the appellees had listed their counsel's father, who is also a civil engineer, as an expert witness for the same purpose as Mr. Stearman. Appellees' counsel countered that it would have been prejudicial to his clients to have his father testify as his witness.

Under Rule XVI(c) the guide to decision is whether or not good cause was shown. It is our opinion that under the circumstances a sufficient good cause showing was made and the trial judge did not abuse her discretion by permitting Mr. Cable's testimony to be read into evidence. *See* Plonkey v. Superior Court, 106 Ariz. 310, 475 P.2d 492 (1970).

## UPDATING WRITTEN INTERROGATORIES

■ Next, appellant argues that appellees failed to comply with Rule 26(e), Rules of Civil Procedure, 16 A.R.S. by failing to update the interrogatories and answers filed by appellee Henry Parker on October 28, 1965, and by appellees Dennis Chatter, Nellie Chatter and Edwin B. Morris in March 1966, prior to trial. Rule 26(e) was amended in November of 1970 to include the updating requirement. This requirement was not a part of the Rules of Civil Procedure prior to this amendment; consequently, the requirement did not apply to these interrogatories.

In addition, the matters complained of, the degree and type of injuries, were made known to the appellant when the appellees provided their doctor and hospital records to appellant as a part of the pre-trial proceedings prior to the trial. Consequently, we fail to see how the appellant was prejudiced.

■ Next, appellees make out a good argument that appellant waived the failure to update the interrogatories if such was required by the Rules. Rule VI(a)(5), Uniform Rules of Practice of the Superior Court, 17A A.R.S. requires that attorneys for both sides affirm that all discovery is current to the date of the memoranda. The court ordered counsel to file a joint pretrial statement, which was filed, but which failed to comply with Rule VI(a)(5). No objection was made by appellant to this failure to comply with the Rule. In this situation we are of the opinion that the error, if any, was waived. *Cf.* Kelch v. Courson, 103 Ariz. 576, 447 P.2d 550; 7 Ariz.App. 365, 439 P.2d 528 (1968).

■ Finally, and for the above reasons, we do not consider the trial judge's remarks and cautionary instruction to the jury, regarding the written interrogatories, as a comment on the evidence in violation of Article 6, § 27 of the Arizona Constitution, A.R.S., but as an attempt to declare the law. *See* State v. Barnett, 111 Ariz. 391, 531 P.2d 148 (1975).

## WANTON CONDUCT AND PUNITIVE DAMAGES

■ The fifth question involves really three separate questions: First, whether evidence of wanton negligence was sufficient to permit the jury to consider the issue; second, whether the trial court erred in giving plaintiffs' Requested Instruction No. 15, as modified, involving wanton conduct overcoming the contributory negligence defense; and third, whether the court erred in refusing to give defendant's Requested Instructions Nos. 15–21, involving the steps for the jury to follow prior to awarding punitive damages.

The record shows that the appellant was obligated under its contract to "protect the public and to facilitate traffic" by the use of flagmen, pilot car, barricades and warning signs. Taking the inferences arising from the evidence in support of the verdict and judgment, the appellant did not comply with the traffic safety requirements of the contract, and through its agents, was aware of the situation. There were no flagmen, pilot car, barricades or warning

signs on the day of the accident. The jury could well have inferred from the evidence that the appellant was much more concerned with the speed in which gravel could be deposited on the construction site than with the physical safety of the traveling public, and the appellees in particular.

In addition, the heavy dust condition present at the site, together with the lack of proper traffic control, "indicates a reckless disregard of the rights of others or a reckless indifference to results." Under these circumstances the record supports the trial court's submitting the issue of wanton negligence to the jury, and giving them plaintiffs' Requested Instruction No. 15, as modified.

█ The objection to plaintiffs' Requested Instruction No. 15 is also untenable since the instruction was approved by our Supreme Court in Womack v. Preach, 63 Ariz. 390, 396–398, 163 P.2d 280, 282–283 (1945). Moreover, the instruction was not included in the appendix of the opening brief as required by Rule 5(b) 10, Rules of the Supreme Court, 17A A.R.S., and the error, if any, was thereby waived. Falcher v. St. Luke's Hospital Medical Center, 19 Ariz.App. 247, 506 P.2d 287 (1973).

Appellant contends, in this third part of its fifth question, that the trial court erred in refusing to give its Requested Instructions Nos. 15 through 21, relating to the factors necessary for the jury to consider prior to awarding punitive damages. The trial court instructed on punitive damages as follows:

"If you find that the plaintiffs have suffered actual damages as a proximate result of the acts of the defendants, or any of them, on which you base your finding of liability, you may, in your sole discretion, award additional damages against any or all of the defendants, known as punitive, or exemplary damages, for sake of example and by way of punishing such defendant, or defendants, if, and only if you find by a preponderance of the evidence that any such de-

fendant against whom such punitive damages are awarded has been guilty of outrageous conduct, that is, for acts done with a bad motive, or with reckless indifference to the interests of others." [Court's Instruction No. 2]

\* \* \* \* \* \*

"Since punitive damages are awarded for the purpose of punishing a particular party, punitive damages may not be awarded against the defendant W. R. Skousen Contractors, Inc. merely because such damages are awarded against the defendant William Leroy Laine. In other words, punitive damages, if awarded at all, are awarded only because of the personal conduct of the defendant against whom the damages are awarded." [Defendant's Instruction No. 14]

Rule 51(a), Rules of Civil Procedure, 16 A.R.S., permits a party to claim error on the basis of an instruction only if he objects to it and specifies the reasons for his objection.

Appellant objected to Court's Instruction No. 2, supra, stating that the instruction did not set forth the three elements pertaining to an award of punitive damages. The three elements advanced were: "first [they] determine the facts and determine whether or not the facts indeed are of the nature which is set forth as the standard to justify the award of punitive damages. Secondly, they must then determine whether, in the exercise of their discretion, based upon such state of facts, punitive damages should be awarded, and, third, they must exercise their discretion in determining what amount in punitive damages should be awarded." Appellant also objected to the giving of any punitive damage instruction, stating that the evidence did not justify one, and, further, that the language of any instruction, if given, should use such terms as "spite, ill-will, and malignancy of heart." These same objections were the basis for appellant's exception to the trial court's refusal to give one or more of appellant's requested Instructions Nos. 15–21.

With regard to the first objection, appellees-plaintiffs' Requested Instruction No. 15, heretofore discussed, and Court's Instruction No. 2 adequately informed the jury of the nature of the standard justifying an award of punitive damages. In regard to the second objection, the instructions immediately prior to Court's Instruction No. 2 dealt with the determination of damages. Court's Instruction No. 2 picks up clearly and logically from that point and instructs the jury satisfactorily regarding the law of punitive damages. *See* Bryan v. Southern Pacific Co., 79 Ariz. 253, 286 P.2d 761 (1955). Referring to the third objection, although the instructions do not specifically state that the jurors may use their discretion in determining the punitive damages to be awarded, this is clearly implied from the language of the instruction. Finally, the argument raised by appellant, that its Requested Instruction No. 20 should have been given, is without substance, since, as already stated, the jury was sufficiently instructed on the law regarding an award of punitive damages.

## THE JUDGMENT

Appellant's final question concerns the awards of damages. It is argued that the award is a product of passion and prejudice and outrageously excessive in light of the conduct complained of. This argument really incorporates all of the prior complaints. For the reasons already stated, it is our opinion that the trial court did not abuse its discretion in refusing to grant appellant's request for a remittitur or a new trial.

The judgment is affirmed.

JACOBSON, P. J., and HAIRE, C. J., Division 1, concur.