571 P.2d 300

**STATE of Arizona, Appellee,**

v.

**Allan Dale CALVERY, Appellant.**

**No. 1 CA–CR 2290.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 3, 1977.

Bruce E. Babbitt, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Walter A. Chapko, Phoenix, for appellant.

## OPINION

NELSON, Presiding Judge.

Appellant, Allan Calvery, was charged by information with the first degree burglary of an automobile in Mesa, Arizona on March 11, 1976. Following the denial of his motions to suppress certain physical evidence and allegedly involuntary statements, appellant was convicted and sentenced to not less than five nor more than seven years in the Arizona State Prison to be served concurrently with a sentence of not less than seven years nor more than life on an unrelated conviction. This appeal followed.

The issues on appeal are whether the trial court correctly admitted into evidence at trial certain articles discovered in an automobile used by appellant during the crime and whether the trial court properly ruled that appellant's admissions to the police officers following the crime were voluntary.

At approximately 2:00 a. m. on the morning of the crime, a resident of the victim's apartment complex heard noises in the parking lot and looked through her window into the lot. This witness observed two men inside a small green automobile, and another man walking from behind some bushes. She then saw the men leave that automobile, later learned to be the victim's, and enter a white 1965 Chevrolet. When the men departed in the Chevrolet, the witness summoned the police.

The victim was awakened and accompanied Officer Webber to the parking lot to inspect her automobile. During this investigation, which took place approximately thirty minutes after the initial observation of the three men, Officer Webber noticed appellant inside the burglarized vehicle; two other men were standing nearby. The three men were arrested and one of them, not the appellant, was found in possession of a tape cartridge. The victim then noted that a tape cartridge, similar to that found on appellant's companion, and a can of oil had been taken from her automobile. Due to the poor lighting conditions, the victim did not then realize that the tape deck speakers had also been taken from the automobile, a fact she discovered later in the morning and so informed the police.

Pursuant to the conditions of a plea bargain, whereby he was allowed to plead guilty to a lesser charge, one of appellant's companions, Robert Hanks, testified at trial for the prosecution. This witness testified that he, appellant, and two others stopped the Chevrolet near the parking lot. Hanks did not see the initial entry into the automobile as he remained in or near the Chevrolet while appellant entered the lot. When Hanks heard the sound of breaking glass, he searched for appellant and found him sitting inside the victim's car. The left window of the vehicle was already broken when Hanks arrived. Appellant and his companions thereafter prematurely fled from the scene when they heard sirens in the area. Hanks further testified that they later returned to the crime scene because appellant had lost his wallet and thought that it might be inside the victim's car. Appellant entered the subject automobile to

look for the wallet, and while inside, picked up a tape cartridge and handed it to Hanks. The arrests immediately followed.

The can of oil taken from the victim's car was ultimately discovered several hours later and fifteen blocks from the crime scene inside a white 1965 Chevrolet. The Chevrolet belonged to appellant's fiancee, who had given appellant permission to use the car two and one-half hours before the crime. Apparently the Chevrolet had broken down shortly after the burglary had been temporarily abandoned. Officer Bray patrolled the vicinity of the crime scene and observed several vehicles that approximated the description of the one in which the men were seen leaving the crime scene. One of these was the vehicle previously entrusted to appellant. Officer Bray looked inside and viewed a can of oil lying on the floor and protruding from under the front seat. Bray entered the car, which was unlocked with the windows open, and seized the can which was later introduced into evidence at trial.

At approximately 8:00 a. m., the victim again examined her automobile and discovered that two tape deck speakers had also been taken from her car. She reported this fact to the police. Sometime later, the owner of the 1965 Chevrolet accompanied Officer Millsapps to her vehicle, whereupon Millsapps obtained the two speakers from underneath the front seat of the automobile. These speakers were also introduced into evidence at trial.

Appellant argues that the trial court erred in denying his motion to suppress the can of oil and the speakers on the ground that appellant did not have standing to challenge the search of the 1965 Chevrolet. *The trial court restricted the suppression hearing and the introduction of evidence therein solely to the question of whether appellant had standing to challenge the search and seizure of the Chevrolet.*

█ The evidence adduced at the suppression hearing and at trial was uncontradicted that appellant had been given permission to use the Chevrolet. The evidence further showed that when the Chevrolet broke down, appellant and his companions legally obtained another vehicle and were in the process of returning to the Chevrolet to restart it. Appellant then discovered that he had lost his wallet and, while returning to the Chevrolet, stopped at the crime scene, whereupon he was arrested. Appellant did not testify in his own defense at trial. The trial court ruled that appellant did not have standing to challenge the search of the Chevrolet and the seizure of the evidence obtained from it. We believe this was error.

█ Under the circumstances present in this case, in order to establish standing to challenge a search or seizure, the defendant must allege and show:

(a) he was on the premises at the time of the contested search and seizure; or

(b) *he had a proprietary or possessory interest in the premises;* or

(c) that he was charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure.

*Brown v. United States,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). *See also Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Subsection (b) is the applicable provision at issue in this appeal as the issues are whether appellant had a possessory or proprietary interest in the Chevrolet at the time of the two warrantless searches and seizures, and whether an automobile constitutes a "premises" within the *Brown* and *Simmons* rulings.

We think it is clear that an automobile falls within the definition of "premises" as contemplated by *Brown v. United States, supra. See State v. Sauve,* 112 Ariz. 576, 544 P.2d 1091 (1976); *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). It is similarly clear that appellant had a substantial possessory interest in these "premises" by virtue of his legal possession of the automobile on the morning of March 11, 1976. *See, e. g., Williamson v. State,* 248 So.2d 634 (Miss.

1971); *United States v. Eldridge,* 302 F.2d 463 (4th Cir. 1962). Although appellant was not in physical possession of the automobile at the time of the seizure of the can of oil from it, the uncontradicted evidence shows that appellant had not abandoned the vehicle but rather was in the process of returning to it at the time of his arrest.

Since the appellant was restricted at the hearing on his motion to suppress to the "standing" question, the issues of expectation of privacy, the State's right to enter the unlocked, open, but not improperly parked vehicle to seize the quart of oil, and the issues of consent and potential "fruit of the poisonous tree" doctrine possibly involved in the second seizure of the speakers while accompanied by the owner, were not litigated in the trial court and will not be speculated upon in this Court.

■ Since the trial court erroneously ruled that appellant did not have standing, we must decide whether this error was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). We have reviewed the entire record and are convinced that the error was harmless beyond a reasonable doubt, and therefore affirm the conviction and sentence of appellant. The elements of burglary, A.R.S. § 13–302(A), as applicable to this case, are (1) the entry (2) into the victim's vehicle (3) with the intent to commit grand or petty theft. Proof of a breaking or unlawful entry is not required. *In re Appeal in Maricopa County, Juvenile Action No. J–75755,* 111 Ariz. 103, 523 P.2d 1304 (1974). While the requisite intent may not be established by mere entry or theft alone, any additional relevant factors may be sufficient to establish this element. *See State v. Rodriguez,* 114 Ariz. 331, 560 P.2d 1238 (1977). This intent may be shown by circumstantial evidence. *State v. Taylor,* 25 Ariz.App. 497, 544 P.2d 714 (1976). Evidence of an unauthorized and forcible entry is sufficient evidence from which the jury can find the requisite intent. *See State v.*

*Hopkins,* 108 Ariz. 210, 495 P.2d 440 (1972); *State v. Dusch,* 17 Ariz.App. 286, 497 P.2d 402 (1972); *State v. Salcido,* 12 Ariz.App. 275, 469 P.2d 841 (1970).

■ With these factors in mind, there cannot be the slightest doubt that appellant would have been convicted had the can of oil and the speakers never been recovered, illegally or otherwise.

He was apprehended in the vehicle by the police. No one questions the facts that the vehicle had been broken into at the time, that appellant was not authorized to be in the vehicle, and that at least one tape cartridge had been stolen from the vehicle and was found in possession of one of appellant's accomplices at the scene. In addition, the tape deck was partially removed from the glove box when the crime was halted by the arrests.

When this evidence, all gathered at the scene of the crime before any possible improper search and seizure, is combined with the testimony of the accomplice Hanks and the incriminating statements of appellant, there could not possibly have been any prejudice or harm in denying appellant his right to properly contest the seizure of the can of oil and the speakers. That the jury would have returned the same verdict regardless, is certain beyond any doubt. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California, supra.*

■ Finally, appellant argues that his in custody incriminating statements were involuntary, alleging that they were (1) induced partly through the use of illegally obtained evidence and (2) that they were obtained only after a prolonged interrogation. The evidence adduced at the voluntariness hearing clearly showed that appellant was advised of his Miranda[1] rights at all appropriate times. The evidence does not support appellant's claim that his statements were induced through the use of the allegedly illegally obtained evidence. There is no evidence whatsoever to show that

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

appellant was presented with either the can of oil or the speakers during his interrogation. *State v. Sauve, supra.* The evidence does not show that the interrogating officers mentioned their possession of these articles during the interrogation. Appellant does not claim that he attempted to cut off the questioning prior to his admissions. *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975).

 Appellant argues further that the intermittent interrogation between 2:30 a. m. and 9:00 a. m. on the day of the burglary invalidated his incriminating statements. The trial court's determination of voluntariness will not be disturbed on appeal absent clear and manifest error. *State v. Edwards,* 111 Ariz. 357, 529 P.2d 1174 (1974). The length of detention is a factor to be taken into consideration on this issue. *See e. g., Chambers v. Florida,* 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716 (1940). However, this determination does not turn upon one, but rather depends upon the totality of the surrounding circumstances which touch upon the characteristics of the accused and the details of the interrogation. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Considerable time was spent by the officers at the scene, while appellant was in the police vehicle awaiting transportation to the station. Some additional time was thereafter spent driving around looking for the 1965 Chevrolet. There is no indication appellant was denied any sleep or food, or that his will was in any way overborne by the occasional questioning during this time period.

Affirmed.

FROEB, C. J., and HAIRE, J., concur.